UNITED STATES, Appellee

v

REINALDO CAMACHO, JR., Private, U. S. Marine Corps, Appellant

19 USCMA 11, 41 CMR 11

No. 21,659

October 10, 1969

*Lieutenant Donald B. Brant, Jr.,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche,* USMC, *Captain Charles E. Patterson,* USMCR, and *Captain Lester G. Fant, III,* USMCR, were on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

Accused has been convicted by a general court-martial at Camp Pendleton, California, of four specifications involving housebreaking with intent to commit larceny and two specifications of larceny, in violation of Articles 130 and 121, Uniform Code of Military Justice, 10 USC §§ 930 and 921, respectively. The validity of these convictions in the light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), is now in issue. Three of the housebreakings charged occurred in the civilian community of Oceanside, California. The fourth took place in Mesa, Arizona, as did the two counts of lar-

ceny. All the offenses set forth in the specifications, except one housebreaking, involved civilian victims. The exception is the housebreaking alleged in Charge I, specification 1. There, the dwelling entered was the civilian residence of a Marine Corps officer.

In United States v Rego, 19 USCMA 9, 41 CMR 9, believing that the Supreme Court in O'Callahan v Parker, supra, footnotes 14 and 19, indicated that "thefts" from other soldiers were military crimes triable by courts-martial, we affirmed that accused's conviction of a housebreaking offense against a fellow airman. Although Rego knew of his victim's service-connection, while Camacho apparently did not, we believe this an insignificant difference. On the basis of these authorities, we hold that the Marine Corps had jurisdiction to try this accused for the housebreaking alleged in Charge I, specification 1.

Conversely, under the facts revealed by this record of trial and applying the standard set forth in O'Callahan v Parker, supra, we are equally convinced that the Marine Corps was without jurisdiction to try the accused on the remaining specifications under Charge I and Charge II and its specifications. United States v Prather, 18 USCMA 560, 40 CMR 272.

Accordingly, the decision of the board of review as to Charge I, specification 1, is affirmed. The findings of guilty as to Charge I, specifications 2, 3, and 4, and Charge II, specifications 1 and 2, are set aside and dismissed. The record of trial is returned to the Judge Advocate General of the Navy. The Court of Military Review may reassess the sentence on the basis of the remaining finding of guilty or a rehearing on the sentence may be ordered.

QUINN, Chief Judge (concurring in part and dissenting in part):

I agree with the affirmance of the findings of guilty of Charge I and its specification. I would, contrary to the principal opinion, also affirm the other findings of guilty for the reasons set out in my dissent in United States v Borys, 18 USCMA 547, 40 CMR 259.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

The accused was convicted of a number of housebreakings and two larcenies, in violation of Articles 130 and 121, Uniform Code of Military Justice, 10 USC §§ 930 and 921, respectively. All of his offenses, save one, involved civilian victims and occurred in the civilian community. The sole exception was housebreaking into the civilian residence of a Marine officer, otherwise unconnected with the accused. In my opinion, this single circumstance is too slender a *nexus* to deny the accused his right to indictment and jury trial under O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), and United States v Borys, 18 USCMA 547, 40 CMR 259. I concur with Judge Darden in his reversal and dismissal of those charges involving civilian victims. However, I disagree with his view that the housebreaking involving the civilian residence of a Marine Corps officer was "service connected."

I find it difficult to believe that there is an identifiable military interest in the off-base residence of a serviceman, when this Court has already held that such interest is nonexistent where an offense has been committed off base against a serviceman's dependents. United States v Borys, supra; United States v Henderson, 18 USCMA 601, 40 CMR 313. See also my dissent in United States v Rego, 19 USCMA 9, 41 CMR 9.

Since the offense was cognizable in the State court of California and "did not involve any question of the flouting of military authority, the security of a military post, or the integrity of military property," it was not triable by military court-martial. O'Callahan v Parker, supra, at page 274. In order for a crime to be cognizable by a court-martial, it "must have been committed under such circumstances as to have *directly offended against the government and discipline of the military state*." (Emphasis supplied.) Winthrop's Military Law and Prec-

12

edents, 2d ed, 1920 Reprint, pages 723–724. (See footnote 19, O'Callahan v Parker, supra.) Such is not the case here.

I would reverse and dismiss all of the findings of guilty and order the charges and specifications dismissed.