UNITED STATES, Appellee

v

JOHNNY COOK, Private, U. S. Army, Appellant

19 USCMA 13, 41 CMR 13

No. 21,737

October 10, 1969

*Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker, Major John Wall Hanft, Captain Howard L. Kaplus,* and *Captain Karl J. Uebel* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel David Rarick, Major Edwin P. Wasinger, Major R. Kevin McHugh,* and *Captain Mark Rosenberg* were on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

Brought to trial before a general court-martial for absence without leave and larceny of an automobile, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 USC §§ 886 and 921, respectively, the accused was convicted on both charges and sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for three years. Except for a one year reduction in the confinement period by the convening authority, the sentence remains unchanged. The validity of the accused's conviction for larceny in light of the recent Supreme Court decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), is the question before us.

The answer depends on whether the crime is "service connected" within the meaning given that term by the Supreme Court in *O'Callahan.* We believe that it is.

On March 10, 1968, near Dixon, Missouri, the accused, without authority, took a 1955 Chevrolet owned by Ralph Larry Darling, Jr. At the time, the latter was a member of the U. S. Army stationed at Fort Leonard Wood, Missouri. He lived in a trailer court near Dixon. Shortly after the reported loss, Missouri State police found the car in a ditch, a mile away. Armed with a description of the stolen car and the culprit, the State trooper took the accused into custody.

A theft by one soldier from another is triable by court-martial. O'Callahan v Parker, supra, footnotes 14 and 19; United States v Rego, 19 USCMA 9, 41 CMR 9; United States v Camacho, 19 USCMA 11, 41 CMR 11. We conclude, therefore, that on the facts presented above jurisdiction over the accused for the crime charged rested with the military.

Accordingly, the decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in part and dissenting in part).

I concur in part and dissent in part.

The accused was convicted by general court-martial of one specification each of absence without leave (one day) and larceny of an automobile, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 USC §§ 886 and 921, respectively. His sentence as presently approved consists of a dishonorable discharge, total forfeitures, and confinement at hard labor for two years. We granted review to determine the validity of the accused's conviction for larceny in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

Concerning this offense the record of trial reflects that a witness testified seeing a man, whom he later identified as the accused, attempt to open the locked door of his son's automobile which was then parked in front of the witness' auto body shop in Waynesville, Missouri. The man was dressed in a tan, knee-length coat and a pair of army green britches. When the witness told him to leave the car alone, the man went across the road, entered a 1955 Chevrolet, drove it from the driveway and toward Dixon, Missouri. The witness then crossed the road and told the occupant of the trailer house, in front of which the car had been parked, what had happened. Together they returned to the body shop and called the Missouri State police.

The car was found, some ten minutes later by a State patrolman, undamaged, in a ditch about a mile from the site of the theft. While the patrolman was examining the car, which tallied with a description of the stolen car report he had received by radio, he observed a car about to enter the highway. Since a passenger in the car fitted the description of the suspect, also received by radio, he stopped the car and questioned the occupants. The driver related that the passenger had come to his house and requested a ride. He was complying with that request. Based on the information he had received and his observation of the accused, the patrolman arrested him and took him to the body shop where he was identified by the witness to the theft. The accused was then lodged in the Waynesville, Missouri, jail.

The owner of the car, a soldier stationed at Fort Leonard Wood, Missouri, as was the accused, resided off base in a trailer court. He did not witness the theft and was not acquainted with the accused.

In O'Callahan v Parker, supra, the Supreme Court held that an accused may not be tried by court-martial for crimes committed in the United States against the civilian community, where the courts are open and functioning, unless the crime is "service connected." While in this case the victim of the theft was a serviceman, I do not believe that under these circumstances this is a sufficient *nexus* to deny the accused his right to indictment and trial by jury. O'Callahan v Parker, supra. I find it difficult to believe that there is an identifiable military interest in the off-base property of a serviceman when this Court has already held that such interest is nonexistent where an offense has been committed off base against a serviceman's dependents. United States v Borys, 18 USCMA 547, 40 CMR 259; United States v Henderson, 18 USCMA 601, 40 CMR 313. See also my dissent in United States v Rego, 19 USCMA 9, 41 CMR 9.

Since the offense was cognizable in the State court of Missouri and "did not involve any question of the flouting of military authority, the security of a military post, or the integrity of

14

military property," it was not triable by military court-martial. O'Callahan v Parker, supra, 395 US, at page 274. In order for a crime to be cognizable by a court-martial, it "must have been committed under such circumstances as to have *directly offended against the government and discipline of the military state.*" (Emphasis supplied.) Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, pages 723–724. (See footnote 19, O'Callahan v Parker, supra.) Such is not the case here.

I would set aside the findings of guilty of larceny, order the charge and its specification dismissed, and direct that a rehearing on sentence on the basis of the remaining finding of guilty of absence without leave may be ordered.