UNITED STATES, Appellee

v

JOHN J. NICHOLS, III, Private,
U. S. Army, Appellant

19 USCMA 43, 41 CMR 43

No. 22,211

October 24, 1969

Colonel Daniel T. Ghent, Captain Lee A. Rau, and Captain Robert B. Harrison, III, were on the pleadings for Appellant, Accused.

Colonel David T. Bryant, Major Edwin P. Wasinger, Major R. Kevin McHugh, Major Warren W. Kaufman, and Captain Mark Rosenberg were on the pleadings for Appellee, United States.

Opinion of the Court

DARDEN, Judge:

Pursuant to his plea of guilty, the accused was found guilty by a general court-martial at Fort Gordon, Georgia, of the robbery of Private Harvey A. Grayson and of absence without leave, in violation of Articles 122 and 86, Uniform Code of Military Justice, 10 USC §§ 922 and 886, respectively. His sentence to a bad-conduct discharge, total forfeitures, confinement at hard labor for one year, and reduction to the lowest enlisted grade remains unchanged. The single question before this Court is whether the court-martial lacked jurisdiction to try the accused on the charge and specification alleging robbery in light of O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

The facts of record and the guilty plea inquiry reflect that on January 18, 1969, the accused and a Private

43

Buckmaster decided to rob Grayson. When the victim permitted the accused and his companion to enter his room at the Uptowner Motor Inn, in Augusta, Georgia, to make a telephone call, Nichols struck Grayson over the head with a bottle. Nichols and Buckmaster then took Grayson's wallet, removed $5.00, and fled.

The robbery of one soldier by another is triable by court-martial. United States v Plamondon, 19 USCMA 22, 41 CMR 22; see also O'Callahan v Parker, supra, footnotes 14 and 19; United States v Rego, 19 USCMA 9, 41 CMR 9; United States v Cook, 19 USCMA 13, 41 CMR 13; United States v Camacho, 19 USCMA 11, 41 CMR 11. On these authorities, we sustain the court-martial's jurisdiction to try this accused for his robbery offense.

The decision of the board of review is, therefore, affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I concur in the affirmance of the accused's conviction for being absent without leave (Charge II), but I disagree with my brothers' holding that the robbery of one serviceman by another (Charge I) is sufficient to vest in a court-martial jurisdiction over the offense, regardless of where the crime was committed or whether any of the parties was at the time engaged in carrying out any military duties.

Since the accused pleaded guilty, the facts were made a part of the record of trial by stipulation (Prosecution Exhibit 1). In addition to setting forth information relative to a charge of being absent without leave, to which the accused also pleaded guilty, the following was delineated in the stipulation:

"On 18 January 1969 Private Nichols, together with Private David E. Buckmaster, decided to rob another soldier, Private Harvey A. Grayson. Grayson permitted Nichols and Buckmaster to enter his room at the Uptowner Motor Inn [Augusta, Georgia] for the purpose of using his telephone. When Buckmaster completed his telephone call, Nichols struck Grayson over the head with a bottle. Nichols and Buckmaster took Grayson's wallet from him, removed $5.00 from it, and left the room."

The crime of robbery committed in the civilian community is basically a civilian offense cognizable in the local courts. That is what occurred here. The only interest which the military establishment might be said to claim in this matter is the fact of the *status of both the accused and his victim* as members of the United States Army.

In O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), the Supreme Court, in countering a Government contention that the status of the *accused* as a member of the military is, standing alone, sufficient to establish court-martial jurisdiction, said:

"... that is merely the beginning of the inquiry, not its end. 'Status' is necessary for jurisdiction; but it does not follow that ascertainment of 'status' completes the inquiry, regardless of the nature, time, and place of the offense." [*Id.*, 395 US, at page 267.]

The only possible "service connection" in this case of robbery is *status*, a factor which the Supreme Court has declared is the "beginning of the inquiry, not its end."

The underlying rationale of the requirement for "service connection" in *O'Callahan* is the factor that congressional power to proscribe criminal conduct is limited to those matters relating to the exercise of a granted power as to some matter within the jurisdiction of the United States. As stated in United States v Fox, 95 US 670, 672, 24 L Ed 538 (1878):

"... an act committed within a State, whether for a good or a bad purpose, or whether with an honest or a criminal intent, cannot

be made an offense against the United States, unless it have some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States. An act not having any such relation is one in respect to which the State can alone legislate."

Cf. Screws v United States, 325 US 91, 109, 144, 145, 89 L Ed 1495, 1506, 1525, 1526, 65 S Ct 1031 (1945), where the Court, although unable to obtain a majority to concur *on the grounds for reversal,* was generally in agreement regarding the limited power of the Federal government to legislate in criminal matters.

The gravamen of the term "service connected" as formulated by the Supreme Court in *O'Callahan* is, in my opinion, the actual impact of the offense on military matters. Federal power to legislate in this area is contained in Article I, section 8, clause 14 of the Constitution. If the offense tends realistically toward some *direct deleterious* effect on military matters or discipline, then the offense is "service connected." If, however, the effect of the offense on military matters or discipline is *remote,* then military jurisdiction may not constitutionally attach. As stated in *O'Callahan:*

"We have concluded that the crime to be under military jurisdiction must be service connnected, lest 'cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger,' as used in the Fifth Amendment, be expanded to deprive every member of the armed services of the benefits of an indictment by a grand jury and a trial by a jury of his peers. The power of Congress to make 'Rules for the Government and Regulation

of the land and naval Forces,' Art. I, § 8, cl. 14, need not be sparingly read in order to preserve those two important constitutional guarantees. For it is assumed that *an express grant of general power to Congress is to be exercised in harmony with express guarantees of the Bill of Rights."* [*Id.,* 395 US, at pages 272, 273.] [Emphasis supplied.]

In the case at bar, I find the fact that the victim of the robbery was another serviceman too remote to justify an incursion of Federal authority into an area that is essentially a concern of the State. Both were on leave at the time and there was no connection, not even the remotest one, between their military duties and the crime in question. The offense "did not involve any question of the flouting of military authority, the security of a military post, or the integrity of military property." O'Callahan v Parker, supra, 395 US, at page 274.

My brothers cite the majority opinions in United States v Plamondon, 19 USCMA 22, 41 CMR 22; United States v Rego, 19 USCMA 9, 41 CMR 9; United States v Cook, 19 USCMA 13, 41 CMR 13; United States v Camacho, 19 USCMA 11, 41 CMR 11, as authority for their holding that the court-martial had jurisdiction in this case based on footnotes 14 and 19 of O'Callahan v Parker, supra. I dissented in those cases and do likewise here.

I would reverse the decision of the board of review with reference to Charge I and order the charge and its specification dismissed. I would also set aside the sentence and order a rehearing thereon based on the accused's conviction of being absent without leave.