UNITED STATES, Appellee

v

EDWARD E. EASTER, Specialist Five, U. S. Army, Appellant

19 USCMA 68, 41 CMR 68

No. 22,278

November 14, 1969

*Colonel Daniel T. Ghent* and *Captain Karl J. Uebel* were on the pleadings for Appellant, Accused.

*Colonel David T. Bryant, Major R. Kevin McHugh,* and *Captain Richard K. Bank* were on the pleadings for Appellee, United States.

Opinion of the Court

FERGUSON, Judge:

The accused was convicted by general court-martial convened in the Federal Republic of Germany. We granted review to determine whether the constitutional limitations on court-martial jurisdiction laid down by the Supreme Court in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), apply to this conviction.

Subsequent to our grant of review in this case, we decided in United States v Keaton, 19 USCMA 64, 41 CMR 64, that the holding in O'Callahan did not apply to a court-martial held in the Philippines, under the authority of a treaty between the United States and the Government of the Republic of the Philippines, for an offense committed in that country. While the particular offense in *Keaton* could be described as "service connected" within the meaning of O'Callahan (cf. United States v Nichols, 19 USCMA 43, 41 CMR 43), we held, for the reasons set forth therein, that all offenses under the Uniform Code of Military Justice, committed in a foreign country, were cognizable in a court-martial held in that country.

Authority to try this accused by court-martial, in the Federal Republic of Germany, was granted under Article VII of the NATO Status of Forces Agreement and Article XIX of the Supplementary Agreement. Because the offense of which he now stands convicted (attempted house-breaking) occurred in the civilian community, a waiver of jurisdiction by the German authorities, provided for in the Agreement, was obtained and attached to the record of trial as Appellate Exhibit XXIII.

Since what we said in United States v Keaton, supra, with reference to the constitutional limitations on court-martial jurisdiction laid down in *O'Callahan,* applies equally here, we hold that the court-martial had jurisdiction to try this accused.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

Judge DARDEN concurs in the result.