UNITED STATES, Appellee

v

JAMES E. EVERSON, Sergeant, U.S. Air Force, Appellant

19 USCMA 70, 41 CMR 70

No. 22,313

November 14, 1969

*Colonel Bertram Jacobson* and *Lieutenant Colonel Leonard Eichner* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Robert W. Vayda* and *Major Donald B. Strickland* were on the pleadings for Appellee, United States.

Opinion of the Court

FERGUSON, Judge:

The accused was convicted by special court-martial, convened at Nellis Air Force Base, Nevada, of one specification each of assault with a dangerous weapon and careless discharge of a firearm under circumstances such as to endanger human life, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934, respectively. He was sentenced to a bad-conduct discharge and confinement at hard labor for three months. The convening authority affirmed the findings and sentence and designated the retraining facility at Lowry Air Force Base, Colorado, as the place of confinement. The officer

exercising general court-martial jurisdiction also approved the findings and sentence but suspended the bad-conduct discharge for six months with provision for automatic remission. He designated the correctional facility, Nellis Air Force Base, as the place of confinement. The board of review affirmed without change. We granted review to determine the validity of the accused's conviction in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

The offenses occurred in front of the accused's civilian residence in North Las Vegas, Nevada, and the victim of the assault was a serviceman. For the purpose of this opinion the two offenses, though not multiplicious, must be considered together for the victim was shot in the neck when the accused carelessly discharged the firearm.

In United States v Nichols, 19 USCMA 43, 41 CMR 43, a majority of this Court held that the robbery of one serviceman by another is triable by court-martial. See also United States v Plamondon, 19 USCMA 22, 41 CMR 22. The same result was reached in cases involving the unlawful entry of the civilian residence of a serviceman and the larceny of his off-base property. See generally United States v Rego, 19 USCMA 9, 41 CMR 9; United States v Camacho, 19 USCMA 11, 41 CMR 11; United States v Cook, 19 USCMA 13, 41 CMR 13. I dissented in those cases and need not restate my views.

Suffice to say since it has now become the law of this Court that where an offense cognizable under the Code is perpetrated against the person or property of another serviceman, regardless of the circumstances, the offense is cognizable by court-martial, I have no alternative but to follow it.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge DARDEN concur.