UNITED STATES, Appellee

v

JOSEPH D. HIGGINBOTHAM, Private, U. S. Army, Appellant

19 USCMA 73, 41 CMR 73

No. 22,326

November 14, 1969

Colonel *Daniel T. Ghent*, and Captain *Thomas R. Maher* were on the pleadings for Appellant, Accused.

Colonel *David T. Bryant*, Major *Edwin P. Wasinger*, and Captain *Larry S. Seuferer* were on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

The accused pleaded guilty before a general court-martial, convened in the Federal Republic of Germany, to one specification of unpremeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 USC § 918. He was sentenced to a dishonorable discharge, total forfeitures, confinement at hard labor for twenty-three years, and reduction. The convening authority affirmed the findings of guilty but reduced the confinement portion of the sentence to ten years at hard labor in order to conform with the terms of the pretrial agreement. The board of review affirmed the findings and sentence, as reduced, without opinion. We granted review to determine the validity of the accused's conviction in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

Authority for trial by court-martial in the Federal Republic of Germany is

contained in the NATO Status of Forces Agreement. Since the victim in this case was a German national and the offense occurred in a civilian establishment in Murnau, Germany, a waiver of jurisdiction was obtained from the German authorities at Munich, Germany.

In United States v Keaton, 19 USCMA 64, 41 CMR 64, we held that all offenses coming within the purview of the Uniform Code of Military Justice committed in a foreign country were triable by court-martial in that county. See also United States v Easter, 19 USCMA 68, 41 CMR 68; United States v Stevenson, 19 USCMA 69, 41 CMR 69. For the reasons stated in those opinions, equally applicable here, the constitutional limitations on court-martial jurisdiction referred to in O'Callahan v Parker, supra, do not deprive a court-martial of jurisdiction when trial is held in a foreign country.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

Judge DARDEN concurs in the result.