UNITED STATES, Appellee

v

WILLIAM E. BLACKWELL, Private First Class, U. S. Army, Appellant

19 USCMA 196, 41 CMR 196

No. 22,148

January 30, 1970

*Captain Monte Engler* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Colonel Martin S. Drucker,* and *Lieutenant Colonel Charles W. Schiesser.*

*Captain John C. Lenahan* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Major Edwin P. Wasinger, Major R. Kevin McHugh,* and *Captain William R. Steinmetz.*

## Opinion

FERGUSON, Judge:

We granted review in this case on two issues, the first of which questions whether the court-martial had jurisdiction of the charged offenses in light of the Supreme Court's opinion in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

All of the offenses in this case took place in the Federal Republic of Germany, were perpetrated ▉▉▉▉▉ against civilians, and trial was held in that country. Since the date of our grant, we held in United States v Keaton, 19 USCMA 64, 41 CMR 64, that the constitutional limitation on court-martial jurisdiction laid down in O'Callahan v Parker, supra, is inapplicable to courts-martial held outside the territorial limits of the United States. See also United States v Stevenson, 19 USCMA 69, 41 CMR 69, and United States v Easter, 19 USCMA 68, 41 CMR 68.

Accordingly, we hold in this case that the court-martial had jurisdiction to try the accused for the charged offenses.

The second issue for determination concerns the allegation by appellate defense counsel that the accused was prejudiced by failure of the convening authority to grant him credit for the period of confinement served between March 8, 1968, and August 23, 1968, a period of approximately five and one-half months.

There were two trials in this case. Initially, the accused was convicted on April 13, 1967. However, an Army board of review reversed his case, by decision dated March 8, 1968, and ordered a rehearing. The second trial was held on August 23-24, 1968. In his action on the record of the second trial, the convening authority credited the accused "with confinement from 13 April 1967 to 8 March 1968 and any other portion of the punishment served or executed from 13 April 1967 to 8 March 1968 under the sentence adjudged at the former trial of this case."

The Government contends that the time between the March 8th decision of the board of review and the rehearing on August 23d was in the nature of pretrial restraint and since an accused is not entitled to credit for such restraint, he may not claim similar

197

credit for the confinement period prior to the date of the adjudged confinement imposed at the second trial.

At the outset I believe it important to note that during the period of actual *pretrial* restraint, an ▌ accused is entitled to the protection of Articles 10 and 33, Uniform Code of Military Justice, 10 USC §§ 810 and 833, respectively. These codal provisions, bearing directly on the speedy trial portion of the Sixth Amendment to the Constitution, were designed to insure that an accused will be brought to trial without inordinate delay. United States v Hounshell, 7 USCMA 3, 21 CMR 129; United States v Hawes, 18 USCMA 464, 40 CMR 176. However, since, in military law, a rehearing is but " 'a continuation of the former proceeding' (Hearings before House Armed Services Committee on H. R. 2498, 81st Congress, 1st Session, page 1180; House Report No. 491, 81st Congress, 1st Session, page 30; Senate Report No. 486, 81st Congress, 1st Session, page 27)" (United States v Robbins, 18 USCMA 86, 88, 39 CMR 86). Articles 10 and 33 do not directly apply to the period of time between reversal of conviction and retrial. What protection then, other than credit for time served, does a confined accused have during the interim which, in this case, amounted to approximately five and one-half months? While the military and civilian systems are different as to when the accused is credited with confinement time, I believe it appropriate to look to civilian precedents for guidance.

In the military an accused is credited with confinement time from the date sentence is imposed, ▌ whether or not he is placed in actual confinement. Reed v Ohman, 19 USCMA 110, 41 CMR 110. In the civilian community, there is no credit for confinement until and unless the defendant actually enters upon his service. Thus, as to a civilian defendant, time on bail is not time credited toward confinement; but, a military accused at liberty after sentence is still credited with confinement time. See Noyd v Bond, 395 US 683, 23 L Ed 2d 631, 89 S Ct 1876 (1969). As a result, the mere lapse of time between imposition of sentence and the order of execution may be described as service of confinement. See United States v Nelson, 18 USCMA 177, 39 CMR 177; United States v Robbins and Reed v Ohman, both supra. Cf. 18 USC § 3568 and Rule 38(a)(2), Federal Rules of Criminal Procedure.

In North Carolina v Pearce, 395 US 711, 718–719, 23 L Ed 2d 656, 89 S Ct 2072 (1969), the Supreme Court held that:

". . . the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense. If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned—by subtracting them from whatever new sentence is imposed."

The credit, spoken of by the Supreme Court, includes even "the time credited during service of the first prison sentence for good behavior, etc." (*Ibid.*, footnote 13, at page 719.)

The Supreme Court in *Pearce* was careful to point out that when a case is returned for rehearing, the slate indeed has been wiped clean; the conviction has been set aside; and the *unexpired* portion of the original sentence will never be served. However, this does not apply to the period of confinement already served and it is for this reason that credit must be given in imposing sentence on a new conviction.[1]

---

[1] While not specifically so stated, it appears that Pearce remained in confinement during the period between reversal of his conviction and his retrial. See footnotes 1 and 6, 395 US, at pages 713 and 716.

**198**

In the case at bar, the accused was properly credited with the time served following his initial con- ▪ viction and reversal thereof by the board of review. Article 57(b), Code, supra; Reed v Ohman; and North Carolina v Pearce, both supra. It was within the discretion of the convening authority to order his release from confinement, pending retrial, but he chose to restrain him. The only purpose of such restraint can be to assure the presence of the accused at trial. Article 13, Code, supra, 10 USC § 813; Reed v Ohman, supra. The nature of the restraint, pretrial and post-conviction, is and must be the same, although the reasons may differ in some respects. Reed v Ohman, supra. In such circumstances, I see little difference between the period of accused's post-conviction confinement and his confinement pending retrial.[2]

I believe that the principles of North Carolina v Pearce, supra, should be applied to this case, and that the convening authority erred by failing to grant credit for the period of confinement served between March 8 and August 23, 1968. My brothers reach the same result but for different reasons.

The decision of the board of review as to sentence is reversed. The record of trial is returned to the Judge Advocate General of the Army. The Court of Military Review may reassess the sentence on the basis of this opinion.

QUINN, Chief Judge (concurring in the result):

I disagree with several aspects of the principal opinion. First, Reed v Ohman, 19 USCMA 110, 41 CMR 110, did not hold that credit for confinement under the provisions of Article 57(b), Uniform Code of Military Justice, 10 USC § 857, is "service" of the confinement portion of a court-martial sentence. Secondly, denial of a speedy rehearing does not, in my opinion, entitle the accused merely to credit for the period detained in confinement between reversal of the conviction and the second trial; the right to a speedy trial exists in regard to a rehearing on the same basis as it does in regard to the original trial. Thirdly, while the original trial may have important consequences at the rehearing, such as the fact that the sentence at the rehearing cannot be more severe than that adjudged at the first trial (Article 63(b), Code, supra, 10 USC § 863), a sentence that has been set aside ordinarily has no vitality as a basis for confinement of the accused; instead, the necessity for confinement is determined by the same considerations that justify confinement before any trial. See Reed v Ohman, supra. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 89c(8).

On reading the record, I am convinced that no new decision to impose pretrial confinement was made after the case had been reversed by the board of review. As a result, the accused was continued in confinement not because the circumstances demonstrated a necessity for confinement pending trial, but because he was a convicted accused. See Reed v Ohman, supra. Since the Government treated the original sentence as having sufficient vitality to deprive the accused of the right to a new determination of the necessity for confinement pending trial, it is, in my opinion, estopped from denying on this appeal such vitality for the purpose of depriving the accused of credit for time in confinement. Cf. United States v Garcia, 5 USCMA 88, 97, 17 CMR 88. I, therefore, agree with the majority that, in the special circumstances of this case, the accused is entitled to credit for the time he spent in confinement between reversal of his con-

---

[2] Nothing in this opinion should be construed as indicating that credit *must* be given an accused for pretrial confinement. This is a matter for the court-martial and the convening authority to consider in adjudging an appropriate sentence. See paragraphs 76 and 88, Manuals for Courts-Martial, United States, 1951, and 1969 (Revised edition).

viction by the board of review and the time of imposition of sentence at the rehearing.

DARDEN, Judge (concurring in the result):

Though normally an accused is in some kind of confinement and is receiving sentence credit for the period between the date the court-martial adjudges his sentence and the date on which appellate review is completed, I believe it is important not to characterize confinement during this period as "service of sentence." This Court has held that confinement during appellate review does not necessarily constitute execution of sentence in violation of Article 71(c), Uniform Code of Military Justice. Reed v Ohman, 19 USCMA 110, 41 CMR 110.

Confinement between the reversal of a trial and the date of the rehearing should be credited under Article 57 (b)[1] of the Code. Under the terms of that article only suspension or deferment stops the running of sentence credit. Neither suspension nor deferment is involved here. I hardly believe Congress intended to give an accused sentence credit from the date his sentence was adjudged, irrespective of whether he was actually confined, but that it did not intend to credit the same accused with time he actually spent in confinement between his first trial and a rehearing. The Manual for Courts-Martial, United States, 1951, provision that required a different result (paragraph 89c(7)) has the force of law only if it is not inconsistent with the law. United States v Smith, 13 USCMA 105, 32 CMR 105. In this instance I think the Manual provision is inconsistent and that it must yield to the law.

If an accused is not credited with time spent in confinement between the date a rehearing is ordered and the date the rehearing is accomplished he could be disadvantaged by winning an appeal. For instance, a person who had received credit for eleven months on a one-year sentence would be discouraged in pressing an appeal if his sentence credit were to be interrupted in case he won a reversal. One can argue that he is not required to appeal and that if he does not want the sentence credit interrupted he should not urge appellate authorities to grant him a rehearing. In my view, however, this argument would operate to penalize an accused for successfully pursuing appellate rights granted him by law.

Since the circumstances of an appeal from a conviction in one of the armed forces are so different from those that obtain in civilian life, I regard North Carolina v Pearce, 395 US 711, 23 L Ed 2d 656, 89 S Ct 2072 (1969), as not controlling the result in the instant case.

---

[1] "Any period of confinement included in a sentence of a court-martial begins to run from the date the sentence is adjudged by the court-martial, but periods during which the sentence to confinement is suspended or deferred shall be excluded in computing the service of the term of confinement." Article 57(b), Uniform Code of Military Justice, 10 USC § 857.