SELDEN G. HOOPER, former Rear Admiral (Retired), U. S. Navy, Petitioner

v

Honorable MELVIN R. LAIRD, Secretary of Defense

and

Honorable JOHN H. CHAFEE, Secretary of the Navy, Respondents

19 USCMA 329, 41 CMR 329

Miscellaneous Docket No. 70–1

March 20, 1970

*Mrs. Kristin Booth Glen* argued the cause for Petitioner. With her on the brief were *Victor Rabinowitz, Esquire,* and *David Rein, Esquire.*

*Lieutenant James E. Akers,* JAGC, USNR, argued the cause for Respondents. With him on the brief were *Lieutenant Colonel Charles J.*

*Keever, USMC, Lieutenant Wayne E. Babler, JAGC, USNR,* and *Lieutenant Owen L. Heggs, JAGC, USNR.*

## Opinion of the Court

DARDEN, Judge:

This petition for a writ of coram nobis is in substance a request for retroactive application by this Court of the opinion of the Supreme Court of the United States in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

Until December 1948, the petitioner served on active duty as a Captain in the United States Navy. When he voluntarily retired he was advanced on the retired list to the rank of Rear Admiral, we assume as a result of his having received the kind of combat commendation that at the time qualified a member of the naval service for such a privilege. His retired pay and other monetary benefits were those of an officer retired in the pay grade of a Navy Captain.

In May 1957, more than nine years after his retirement, the petitioner was directed to appear before a court-martial[1] at the Naval Base in San Diego, California, on charges of sodomy, publicly associating with persons known to be sexual deviates, and committing an indecent, lewd, and lascivious act, in violation of Articles 125, 133, and 134, Uniform Code of Military Justice, 10 USC §§ 925, 933, and 934. He challenged the jurisdiction of the court-martial to try him for the offenses but was found guilty and sentenced to dismissal and forfeiture of all pay and allowances. On September 26, 1958, this Court reversed a board of review decision that had affirmed the findings and sentence and remanded the record to the Judge Advocate General of the Navy for reference to another reviewing authority. United States v Hooper, 9 USCMA 637, 26 CMR 417 (1958). After another review by a different convening authority and another affirmation of the findings and sentence by a board of review, this Court reviewed the record and affirmed the board of review decision. United States v Hooper, 11 USCMA 128, 28 CMR 352 (1960). The President ordered the sentence executed on January 7, 1961.

The constitutionality of Article 2(4)[2] of the Uniform Code of Military Justice, 10 USC § 802, as it applies in this case to the court-martial of a retired officer, was sustained by the United States Court of Appeals for the Ninth Circuit, 274 F 2d 429 (CA 9th Cir) (1959), and by the United States Court of Claims, 326 F 2d 982 (1964), certiorari denied, 377 US 977, 12 L Ed 2d 746, 84 S Ct 1882 (1964).

The petitioner filed a civil action for a declaratory judgment in the United States District Court for the District of Columbia asking that the court-martial conviction be declared null and void for the reason, *inter alia,* that it was inconsistent with the decision of the Supreme Court in O'Callahan v Parker, supra. Although the petitioner does not concede that exhaustion of military remedies is required before the District Court may act on his suit for a declaratory judgment, he nonetheless petitioned this Court for relief.

The Government urges us to hold that the offenses of which the petitioner was convicted were service-connected within the meaning of O'Callahan v Parker, supra, because the other participants in the offenses were members of the armed forces and this Court has held that offenses against other servicemen are service-connected. United States v Rego, 19 USCMA 9, 41 CMR 9 (1969);

---

[1] WC NCM 57–00988.

[2] "§ 802. Art. 2. Persons subject to this chapter.

"The following persons are subject to this chapter:

.    .    .    .    .

"(4) Retired members of a regular componenent of the armed forces who are entitled to pay."

United States v Camacho, 19 USCMA 11, 41 CMR 11 (1969); United States v Cook, 19 USCMA 13, 41 CMR 13 (1969); United States v Plamondon, 19 USCMA 22, 41 CMR 22 (1969); United States v Nichols, 19 USCMA 43, 41 CMR 43 (1969); United States v Huff, 19 USCMA 56, 41 CMR 56 (1969); United States v Everson, 19 USCMA 70, 41 CMR 70 (1969).

The petitioner, on the other hand, urges that the offenses with which he was charged are not crimes *against* anyone and that they are the classic "crimes without victims." We do not decide this issue, since our decision rests on other grounds.

As in Mercer v Dillon, 19 USCMA 264, 41 CMR 264 (1970), the Court is not unanimous in viewing the consideration of extraordinary relief in this instance as being in aid of its jurisdiction, as section 1651 of Title 28, United States Code, requires, but the majority position on that issue has resulted in our addressing the petition on its merits.

For the reasons outlined in *Mercer,* we held that the decision in *O'Callahan* applied only to those cases still subject to direct review by this Court on June 2, 1969, the date of the *O'Callahan* opinion. The *Mercer* decision controls our decision in this case. Accordingly, the petition is denied.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in the result):

I concur in the result.

My brothers have denied the accused's petition for extraordinary relief on the ground that the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), that a court-martial is without jurisdiction to proceed unless the charged offense is "service-connected," applies only to those cases still subject to direct review by this Court on June 2, 1969, the date of the *O'Callahan* opinion. Mercer v Dillon, 19 USCMA 264, 41 CMR 264 (1970). I dissented in *Mercer* and would do so here but for the fact that I believe that the offenses charged against the accused were "service-connected" and thus not within the jurisdictional prohibition enunciated in *O'Callahan.*

As my brothers note in their opinion, the accused was convicted by court-martial of charges of sodomy, publicly associating with persons known to be sexual deviates, and committing an indecent, lewd, and lascivious act, in violation of Articles 125, 133, and 134, Uniform Code of Military Justice, 10 USC §§ 925, 933, and 934, respectively. The participants with the accused in each of these offenses, which took place off base, were servicemen. In speaking for a unanimous court in United States v Everson, 19 USCMA 70, 41 CMR 70 (1969),[1] I stated, at page 71:

"In United States v Nichols, 19 USCMA 43, 41 CMR 43, a majority of this Court held that the robbery of one serviceman by another is triable by court-martial. See also United States v Plamondon, 19 USCMA 22, 41 CMR 22. The same result was reached in cases involving the unlawful entry of the civilian residence of a serviceman and the larceny of his off-base property. See generally United States v Rego, 19 USCMA 9, 41 CMR 9; United States v Camacho, 19 USCMA 11, 41 CMR 11; United States v Cook, 19 USCMA 13, 41 CMR 13. I dissented in those cases and need not restate my views.

---

[1] Everson was convicted by special court-martial of one specification each of assault with a dangerous weapon and careless discharge of a firearm under circumstances such as to endanger human life in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934, respectively. Though the offenses occurred off base, the victim of the assault was a serviceman who was shot in the neck when the accused carelessly discharged the firearm. The board of review affirmed and we granted review to determine the validity of the accused's conviction in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

"Suffice to say since it has now become the law of this Court that where an offense cognizable under the Code is perpetrated against the person or property of another serviceman, regardless of the circumstances, the offense is cognizable by court-martial, I have no alternative but to follow it.

"The decision of the board of review is affirmed."

In light of our determination in *Everson*, and the cases cited therein, I believe that we should hold this accused's offenses to be service-connected. For that reason I join in denying the petition for extraordinary relief.