**UNITED STATES**

v.

Private (E–2) Kenneth WILLIAMS, 569–84–3935, U. S. Army, Battery F, 79th Field Artillery, 1st Cavalry Division, Fort Hood, Texas 76545.

**SPCM 11311.**

U. S. Army Court of Military Review.

Sentence Adjudged 12 March 1975.

Decided 23 Oct. 1975.

Appearances: Appellate counsel for the Accused: CPT Ronald Lewis Gallant, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC. Appellate counsel for the United States: CPT Clement L. Hyland, JAGC; CPT Gary F. Thorne,

JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

O'DONNELL, Judge:

On 11 January 1975, the appellant was tried by special court-martial on three specifications of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. Following his pleas of guilty, he was convicted and sentenced to be discharged with a bad-conduct discharge, to forfeit $229.00 pay per month for three months, to be confined at hard labor for three months, and to be reduced to the lowest enlisted grade. Because of a malfunction in the recording equipment, a verbatim transcript could not be prepared. Accordingly, on 18 February 1975, the convening authority disapproved the sentence and ordered a rehearing. A rehearing was held on the same charges on 12 March 1975. The appellant was again convicted in accordance with his pleas of guilty. This time, he was sentenced to be discharged with a bad-conduct discharge, to forfeit $229.00 pay per month for one month, to be confined at hard labor for one month, and to be reduced to the lowest enlisted grade. The convening authority approved the sentence on 9 May, crediting the appellant with the confinement served.

The appellant contends that his substantial rights were prejudiced by reason of the 118-day delay from the date of the original trial (11 January 1975) to the date of the convening authority's action following the rehearing (9 May 1975), citing *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48

C.M.R. 751 (1974). Although we agree that the *Dunlap* rule may be applicable to post-trial delays following a rehearing, we do not agree that *Dunlap* applies to the facts of the instant case.[1]

The Court of Military Appeals in *Dunlap* provided that effective 21 July 1974,

"a presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial." (23 U.S.C.M.A. at 138, 48 C.M.R. at 754).

The *Dunlap* rule was formulated to reduce unreasonable post-trial delays in the same manner that the *Burton*[2] rule attacked undue pretrial delays. The instant case involves elements of both types of delays. The appellant was initially placed in pretrial confinement on 9 December 1974 and remained in that status until completion of the first trial on 11 January, at which time his status changed to that of an adjudged prisoner. When the convening authority set aside the first proceedings on 18 February, the appellant reverted to the status of a pretrial confinee.[3] The appellant remained in pretrial confinement until 12 March when he was sentenced to serve confinement at hard labor for one month. As he had already served more than one month on the original sentence, he was properly credited for that time and released from confinement on 12 March. Paragraph 89*c* (8)(a), Manual for Courts-Martial, United States, 1969 (Revised edition). Thus, the appellant spent only 38 days in post-trial

---

1. *But see United States v. Flint*, 50 C.M.R. 865 (A.C.M.R.1975), *pet. granted*, 10 October 1975, in which another panel of this Court held that *Dunlap* does not apply to delays following a rehearing which was ordered pursuant to a decision of the U.S. Army Court of Military Review. *See also United States v. Mixson*, 1 M.J. 569, 51 C.M.R. 152 (A.C.M.R.1975); *cf. United States v. Morrow*, 49 C.M.R. 866 (N.C.M.R.1974).

2. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

3. In *United States v. Blackwell*, 19 U.S.C.M.A. 196, 41 C.M.R. 196 (1970), the Court of Military

Appeals held that an accused is entitled to credit for the time spent in confinement between the reversal of his conviction and the date of the rehearing. It could be argued, in view of that holding, that an accused awaiting rehearing is not in pretrial confinement within the meaning of the *Burton* rule. *See United States v. Morrow, supra.* We believe, however, that *Blackwell* is limited to the question of crediting and should not be read as characterizing the nature of confinement while awaiting rehearing. *See United States v. Flint, supra.*

confinement (11 January–18 February), all of which took place following the original trial.[4] As the appellant was not "continuously under restraint after trial" for 90 days, the *Dunlap* rule never became operative. We must therefore consider the effect of the post-trial delays in accordance with pre-*Dunlap* standards. Under the circumstances of this case, we hold that the 38-day delay following the first trial and the 58-day delay following the rehearing were reasonable and in no way prejudiced the substantial rights of the appellant. Moreover, even in those cases involving unreasonable post-trial delays, relief is not required in the non-*Dunlap* context in the absence of prejudicial error in the record (*United States v. Gray*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973)), or if any error is purged during the course of review (*United States v. Timmons*, 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973)). The error in this case—non-verbatim record—was properly cured by the action of the convening authority.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge FELDER concur.

---

4. We do not agree with the appellant's assertion that post-trial delays are treated cumulatively in the rehearing context. As we view the *Dunlap* rule, delays occurring at various stages of the proceedings are considered as separate and distinct periods for determining the applicability of *Dunlap*. Thus, if an accused is in post-trial confinement for 89 days after the first trial and an additional 89 days after the rehearing before the convening authority in each instance takes his action, *Dunlap* has not been triggered, notwithstanding a cumulative delay of over 90 days. The same rationale applies to the *Burton* rule, which we believe is also applicable in the rehearing context. *But see United States v. Flint, supra. Cf. United States v. Morrow, supra.* The appellant has not, quite correctly, alleged a *Burton* violation in the case *sub judice*.