Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

## UNITED STATES

v.

**Sergeant Danny M. GUILLOT, FR 437–84–1569, 351st Missile Security Squadron, Eighth Air Force (SAC).**

**ACM 22104.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 June 1976.

Decided 10 Dec. 1976.

Before BUEHLER, HERMAN and OR-SER, Appellate Military Judges.

DECISION

ORSER, Judge:

Tried by a general court-martial composed of a military judge, the accused was convicted, despite his not guilty pleas, of 11 specifications alleging transfer, sale and possession of marihuana, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The adjudged and approved sentence is a bad conduct discharge, confinement at hard labor for five months, forfeiture of $200.00 per month for five months, and reduction to the grade of airman basic.

In a single assignment of error, appellate defense counsel (citing the recent opinion by the United States Court of Military Appeals in *United States v. McCarthy,* 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976)) contend the court-martial lacked jurisdiction over eight of the eleven drug offenses. In support of their claim, counsel remind us of the caveat in *United States v. McCarthy, supra,* at page 33, 2 M.J. at page 28, that "merely because the recipient of the contraband (marihuana) was a soldier is insufficient, in or of itself, to establish service connection." In counsel's estimation, the instant case contains only that factor and service connection is therefore not established. Upon careful scrutiny of the record, we disagree.

The record shows that all challenged offenses were committed at or near the civilian community of Knob-Noster, Missouri, which is located near the accused's installation of assignment, Whiteman Air Force Base, Missouri. The offenses specifically consist of three transfers of marihuana to fellow servicemen, four sales of marihuana to fellow servicemen, and one instance of possession of the drug (determined multiplicious for sentencing purposes with one of the sale offenses).

The cited *McCarthy* case, as all who have an interest in military jurisprudence are aware, concerned an unlawful transfer of three pounds of marihuana "just outside" an entrance gate of an Army installation. In deciding the case, the Court reemphasized that resolution of service connection issues requires a careful balancing of the 12 criteria by which the United States Supreme Court in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), declared service connection is to be measured. *United States v. Hedlund*, 25 U.S.C.M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976). What specifically must be determined is, "whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and whether the distinct military interest can be vindicated adequately in civilian courts. *United States v. McCarthy*, *supra*, at page 33, 2 M.J. at page 28, quoting *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

The instant record shows that the accused, a security policeman, was on the military installation when he acquired possession of approximately one-half pound of marihuana, portions of which he subsequently purveyed to various military personnel. The drug was supplied to the accused by a fellow serviceman with the understanding that the accused would pay

for it at a later time. On that same day, the accused committed three of the transfer offenses and one of the sale offenses for which he was tried. Two of the transfers and the sale occurred off-base. The other transfer was made on the base. Five of the six subsequent offenses, three sales, one transfer, and one instance of possession, occurred off-base on various dates extending over a three-month period of time. The sixth offense, a sale, occurred on-base. Two of the off-base sales were made to a serviceman who, unknown to the accused, of course, was a Government informant. These were controlled purchases utilizing funds supplied by Government investigative agents.

Though trial was held before the recent line of jurisdiction cases were decided by the Court of Military Appeals,[1] the trial defense counsel nonetheless moved for dismissal of the off-base offenses. Presumably on the basis of case law then extant,[2] the military judge summarily denied the motion. On that same basis, no doubt, the judge imposed no special burden on the Government to affirmatively establish service connection. See *United States v. McCarthy*, *supra*, at pages 28, 29.

Notwithstanding such understandable lack of trial forum attention to the issue we now must critically examine, we find in the Government's proof at least two factors which, in terms of the *Relford* criteria, demonstrate a pervasive military interest in all off-base offenses. *United States v. McCarthy*, *supra*. They include:

1. The substantial threat posed to military personnel, and hence the military community itself, by the several sales and transfers of marihuana to fellow servicemen, at least some of whom were assigned to the same strategic missile or-

1. E. g., *United States v. McCarthy*, and *United States v. Hedlund*, both *supra*; *United States v. Moore*, 24 U.S.C.M.A. 293, 52 C.M.R. 4, 1 M.J. 448 (1976); *United States v. Tucker*, 24 U.S.C.M.A. 311, 52 C.M.R. 22, 1 M.J. 463 (1976).
2. *See*, e. g., *Rainville v. Lee*, 22 U.S.C.M.A. 464, 47 C.M.R. 554 (1973); *United States v. Sexton*, 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974); *United States v. Rose*, 19 U.S.C.M.A. 3, 41 C.M.R. 3 (1969); *United States v. Comancho*, 19 U.S.C.M.A. 11, 41 C.M.R. 11 (1969); see also our discussion of this matter in *United States v. Gash*, No. 21872, 2 M.J. 707 (f. rev.) (A.F.C.M.R. 5 November 1976).

ganization as the accused.[3] As we read the record, the accused had a rather extensive reputation among Whiteman Air Force Base personnel as a source for marihuana.

2. The on-base acquisition of at least a portion of the marihuana the accused subsequently sold and transferred off-base.

Though we cannot conclude that the actual criminal intent for the offenses was formulated on base, as found significant by the Court in *United States v. McCarthy, supra,* we believe there is a legitimate measure of service connection in the acquisition circumstance. As we read the record, some of the accused's customers were drawn to him on the basis of their knowledge of his recent purchase.

On the basis of the foregoing factors, the military community clearly had the overriding, if not singular, interest in prosecuting all off-base offenses in addition to those that occurred wholly on the installation. *United States v. McCarthy, supra* ; see our similar holdings in *United States v. Tinley,* 54 C.M.R. 255, 2 M.J. 694 (A.F. C.M.R. 4 November 1976); *United States v. Campbell,* No. 22092, 2 M.J. 689 (A.F.C. M.R. 19 October 1976); *United States v. Smith,* No. 21858, 2 M.J. 1235 (f. rev.) (A.F.C.M.R. 22 October 1976); *United States v. Artis,* No. 22028, 2 M.J. 692 (f. rev.) (A.F.C.M.R. 22 October 1976); see also *Gosa v. Mayden,* 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973) (and this Court's decision in *United States v. Rock,* 49 C.M.R. 235, 238 (A.F.C.M.R.1974), concerning the forum appropriateness implication of *Gosa* ). In our judgment, the demonstrated distinct military interest in the offenses could not be adequately vindicated by trial in the civilian courts. *Schlesinger v. Councilman, supra.*

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

HERMAN, Judge, concurs.

BUEHLER, Senior Judge, absent.

---

3. Our recent decision in *United States v. Coker,* No. 22019, 2 M.J. 304 (A.F.C.M.R. 29 October 1976), is applicable to this factor. In *Coker,* where we sustained the exercise of military jurisdiction, we reasoned that the military has a unique interest in deterring drug abuse among its missile force personnel. Though admittedly the accused in this case and those to whom he transferred and sold marihuana, may not have been assigned to perform duties of equal importance to the national defense as those of Coker, several were assigned to the same missile organization.