Richard O. HART, 410 02 5696 Aviation Boatswain's Mate (H) Airman Recruit (E-1) U. S. Navy, Petitioner,

v.

Ronald J. KURTH, Captain, U. S. Navy Commanding Officer, Naval Air Station Memphis, and his successors, Respondent.

Misc. Docket No. 78–05.

U. S. Navy Court of Military Review.

20 Sept. 1978.

LT David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

MAJ D. A. Higley, USMC, Appellate Government Counsel.

## OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF HABEAS CORPUS

CEDARBURG, Chief Judge:

Petitioner pleaded guilty and was convicted by a special court-martial military judge of unauthorized absence in violation of Article 86, UCMJ, 10 U.S.C. § 886, from 4 June 1976 to 30 November 1976. Petitioner was acquitted of a greater period of absence, alleged to have terminated on 11 June 1978. On 15 August 1978, the military judge sentenced petitioner to a bad-conduct discharge and confinement at hard labor for two months. The convening authority, respondent, has not yet taken action on the record of trial. Petitioner requests this Court to order respondent to administratively credit petitioner for 31 days of pretrial confinement.

By motion at trial, petitioner sought an order requiring the respondent to credit the sentence to confinement with 31 days, representing pretrial confinement served as a result of the offense for which petitioner was sentenced. The motion was denied. After trial, administrative credit for the pretrial confinement was sought and denied by both the Corrections Officer, Naval Air Station, Memphis, and the respondent. Petitioner's request for deferment of confinement, effective 10 September 1978, has also been denied by respondent.

■ Petitioner avers that this Court has jurisdiction to entertain this petition for extraordinary relief. Respondent submits that ". . . crediting an accused with pretrial confinement [is an] administrative [decision] uniquely within the province of officials of the Navy or Marine Corps correctional facility . . .," and thus is outside the scope of this Court's jurisdiction under Article 66, UCMJ, 10 U.S.C. § 866. We conclude that *United States v. Larner*, 1 M.J. 371 (C.M.A.1976), is dispositive of respondent's contention. *Larner* held that a Court of Military Review has authority, pursuant to Article 66, UCMJ, to issue orders to effect administrative credit to confinement being served as a result of a court-martial sentence. Potentially, appellate jurisdiction by this Court exists in this case since petitioner was awarded a bad-conduct discharge. Article 66, UCMJ. This Court has extraordinary writ powers in aid of its jurisdiction. *Ward v. Carey*, 4 M.J. 298 (C.M.A.1978); *Kelly v. United States*, 1 M.J. 172 (C.M.A.1975). *See, United States v. Ward*, 5 M.J. 685 (N.C.M.R.1978) and cases cited therein, at 686.

■ Petitioner states that a civilian federal prisoner receives credit for each day spent in custody in connection with the offense for which the sentence was imposed. The Bail Reform Act, 18 U.S.Code, Section 3568, is the statutory basis for such credit. Petitioner acknowledges that 18 U.S.Code, Section 3568 specifically excludes military prisoners from its provisions, but he argues that Department of Defense Instruction 1325.4, Paragraph III.Q.6 dated 7 October 1968 (Change 1 of 7 June 1974) has incorporated into the military justice penal system the policies applicable to civilian federal prisoners. The cited section provides:

Procedures employed in the computation of sentences will be in conformity with those published by the Department of Justice, which govern the computation of sentences of federal prisoners and military prisoners under the jurisdiction of the Justice Department.

The United States Parole Commission of the Department of Justice has promulgated a procedure whereby federal prisoners will be notified of their ultimate release dates at

the outset of their terms of imprisonment. The portion of the rules affecting credit for pretrial confinement appears at 28 Code of Federal Regulations, Section 2.10(a) (1977):

(a) Service of a sentence of imprisonment commences to run on the date on which the person is received at the penitentiary, reformatory, or jail for service of the sentence: *Provided, however,* that any such person shall be allowed credit toward the service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

Also regulating and amplifying the policy on treatment of federal prisoners is the Bureau of Prisons Policy Statement 7600.59 of 27 May 1975. The *Application* paragraph specifically states: Jail credit is controlled by Title 18, U.S.Code, Section 3568. . . ."

The rules of the U.S. Parole Commission and the Bureau of Prisons Policy Statement, regarding credit for time in pretrial custody, are not independent of, but are in implementation of the statutory expression of the intent of Congress in enacting the Bail Reform Act, 18 U.S.Code, Section 3568. The pertinent portion of 18 U.S.Code, Section 3568 reads as follows:

The Attorney General shall give such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

We are convinced that the procedures published by the Department of Justice and employed in the computation of sentences of federal prisoners and military prisoners under the jurisdiction of the Justice Department are not in conflict, either expressly or impliedly, with the specific exclusions set out in 18 U.S.Code, Section 3568, relating to offenses triable by court-martial. Thus, the exclusions would inhere in their incorporation by Department of Defense Instruction 1325.4, *supra,* into the military justice penal system.

Beyond the strictly legal issue, fairness does not support allowing credit for pretrial confinement under sentencing procedures followed in the military justice system. Specific provision has been made in the *Manual for Courts-Martial, United States, 1969* (Revised edition) for consideration of pretrial restraint in imposing an appropriate sentence in the first instance. The *Manual, supra,* paragraphs 76 and 88, provides that pretrial confinement is a matter for the court-martial and the convening authority to consider in adjudging and approving an appropriate sentence at the trial and initial review level. It is for this reason that the Court of Military Appeals has distinctly acknowledged that the convicted accused in the military justice system is not entitled by right to credit on his sentence for pretrial confinement. *United States v. Larner, supra,* at 374 n.11; *United States v. Blackwell,* 19 USCMA 196, 199 n.2, 41 CMR 196, 199 (1970). We are satisfied that petitioner's pretrial restraint was weighed by the military judge in imposing sentence. The *Manual, supra,* requires that he do so. The military judge stated for the record in the instant case that he had considered all of the matters presented by defense counsel, who made a particular point of his desire for the military judge to consider the pretrial confinement which had been served by petitioner. It is apparent from the sentence adjudged that appropriate judicial credit on what otherwise would have been the sentence awarded was given by the trial judge. *Cf. United States v. Larner, supra,* at 372.

We conclude that petitioner is neither legally nor equitably entitled to the relief he seeks. Accordingly, his petition is denied.

Judge GREGORY concurs.

Judge ROOT (Absent).