UNITED STATES, Appellee

v

ULLYSSES L. HARRIS, Sergeant First Class,
U. S. Army, Appellant

18 USCMA 596, 40 CMR 308

No. 22,028

September 26, 1969

Colonel Daniel T. Ghent, Lieutenant Colonel Charles W. Schiesser, and Captain Monte Engler were on the pleadings for Appellant, Accused.

Lieutenant Colonel David Rarick, Major R. Kevin McHugh, Major Warren W. Kaufman, Captain Mark L. Rosen, and Captain Benjamin G. Porter were on the pleadings for Appellee, United States.

FERGUSON, Judge:

The accused was convicted of one specification of conspiracy to violate section 793(c) and (g), Title 18, United States Code. The charge was laid under Article 134, Uniform Code of Military Justice, 10 USC § 934. We granted review to determine the validity of his conviction in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

According to the specification, the accused was charged with conspiring with Leonard J. Safford, another serviceman, Nikolai Fedorovich Popov, First Secretary, Soviet Embassy, Washington, D. C., and Anotoliy Tikhorovich Kireyev, a member of the Soviet Mission to the United Nations, and others, to receive and obtain information connected with the national defense of the United States, knowing at the time that such information would be delivered to the representative of a foreign government. In furtherance of the conspiracy, the accused allegedly met and conferred with Kireyev; met and conferred with Safford; and, at a prearranged location, for pickup by Popov, Safford "placed certain documents relating to the national defense, to wit: a Personnel Inventory and Appraisal Report, Suitland Maryland Facility, U. S. Army Strategic Communications Command-CONUS; SCCC Reg 10–1, Mission, Organization and Functions-USASTRATCOM-CONUS, dated 6 June 1967; and Letter, US Army Communications Systems Agency, Fort Monmouth, New Jersey, subject: Weekly Summary of Events, dated 26 June 1967."

Jurisdiction to try offenses within the purview of section 793, Title 18, United States Code, is cognizable in the Federal district courts of the United States. Ordinarily the matter would be tried there. In this case, however, the documents involved were innerworking papers of the military establishment and, while not containing a security classification, one was marked for official use only. They were not generally available to the civilian populace. The security and integrity of these documents rests exclusively within the military establishment.

There can be little doubt but that the charged offense of conspiracy between senior noncommissioned officers and representatives of a foreign power for the purpose of obtaining and receiving certain information connected with the national defense directly offends "against the government and discipline of the military state." Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, pages 723–724. Especially is this so when, as here, the information is immediately connected with the operation of the military establishment.

According to the testimony of a prosecution witness, the appellant's *military duties* played a major role in his participation in the conspiracy. The military members of the conspiracy, Safford and the accused, were acquainted with each other from prior military assignment. The accused had been previously assigned to SHAPE Headquarters in Europe and at the beginning of the conspiracy he was attending a microwave supervisor course at the United States Army Signal School, Fort Monmouth, New Jersey. Before including him in the conspiracy, the Soviet representatives inquired into the location and type of his duties. Throughout the conspiracy, the accused, according to the witness, sought to recruit others from within the Army who might be sources for obtaining classified information. When reassigned to Korea, he told the witness that he would attempt to develop contacts there.

Under the circumstances of this case, we find the charged offense to be "service connected" within the meaning of O'Callahan v Parker, supra.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge DARDEN concur.