**Edward J. PETERSON,**
**Petitioner-Appellant,**

v.

**Captain Warren GOODWIN, Corrections Officer, United States Air Defense Center, Confinement Facility, Biggs Field, El Paso, Texas, Respondent-Appellee.**

No. 73–3176.

United States Court of Appeals,
Fifth Circuit.

May 5, 1975.

Joseph A. Calamia (court appointed), John L. Fashing, El Paso, Tex., for petitioner-appellant.

William S. Session, U. S. Atty., C. J. Calnan, Ralph E. Harris, Asst. U. S. Attys., El Paso, Tex., for respondent-appellee.

Before RIVES, GODBOLD and GEE, Circuit Judges.

RIVES, Circuit Judge:

An Air Force general court-martial found Air Force Sgt. Peterson guilty of possession and sale of heroin in violation of Article 134, U.C.M.J., 10 U.S.C. § 934, and directed punishment by dishonorable discharge and twenty-eight years' imprisonment. On appeal, the military au-

thorities reduced the term of his sentence to ten years. This appeal follows denial of a petition for habeas corpus. We affirm.

This appeal, when taken, presented three issues. First, did Sgt. Peterson exhaust his remedies in the military court system? Second, is Article 134, U.C.M.J., 10 U.S.C. § 934, unconstitutionally vague in violation of the Fifth Amendment? Third, did the court-martial have jurisdiction over this case, which involved the off-post possession and sale of heroin?

There is no serious dispute on the first issue. Sgt. Peterson appealed to the Air Force Court of Military Review and the Court of Military Appeals. The appellee now concedes that he has exhausted his military remedies.

■ The United States Supreme Court has recently resolved the second issue. In Parker v. Levy, 1974, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439, the Court upheld the constitutionality of Article 134. Peterson could not actually have doubted that his sale of heroin to fellow airmen was to "the prejudice of good order and discipline in the armed forces." He was on fair notice that he was subject to punishment. His contentions that Article 134 is too vague are without merit. Parker v. Levy, *supra* at 743–757, 94 S.Ct. 2547.

■ The third issue presents a closer question. Sgt. Peterson asserts that the court-martial lacked jurisdiction over his case because his offense had no connection with the Air Force. To dispose of that issue, we must examine the facts. Peterson made two sales of heroin to airmen—the first sale on January 4, 1973 and the second sale on January 5, 1973. The first sale took place off the base while both seller and purchaser were out of uniform and on leave from their military duties. The second sale was made within the confines of Holloman Air Force Base where Peterson was stationed. Peterson concedes that the court-martial had jurisdiction over the sale on the base but denies that it had jurisdiction over the sale off the base.

We find that it had jurisdiction over both sales.

As recognized in Relford v. U. S. Disciplinary Commandant, 1971, 401 U.S. 355, 365, 91 S.Ct. 649, 28 L.Ed.2d 102 and O'Callaghan v. Parker, 1969, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 the connection between the military duties of the servicemen and the crime in question is an important factor in determining whether the court-martial has jurisdiction over the offense and the servicemen involved in its commission. Heroin addiction among the servicemen at an Air Force base poses a unique threat to the operation of the base. Unless the airmen can respond quickly to orders and can adequately operate the complicated weapons and material subject to their use, the base will be unable to fulfill its vital functions in the defense of our Nation.

Our conclusion was foreshadowed by the holding of another panel of this Court in Cole v. Laird, 1972, 468 F.2d 829. The panel held that the off-post possession and use of a small amount of marihuana was not service-connected. Chief Judge Brown drew a distinction between the danger to military preparedness from the use of marihuana and the danger from heroin use, stating that "marihuana does not rise to the level of heroin or other physically addictive, 'hard' drugs, and the dangers associated with its use . . . are not as great as those associated with heroin . . ." Cole v. Laird, *supra* at 833. We agree. Heroin addiction presents a serious threat to the good order and discipline of our armed forces. A court-martial has power to deal with that threat. We hold that the sale of heroin by one airman to another is sufficiently related to the functioning of the armed forces for a court-martial to acquire jurisdiction over the offense and the offenders, notwithstanding the attenuating circumstances that at the time of sale both airmen were off base, off duty, and out of uniform.

Affirmed.