**UNITED STATES**

v.

**Sergeant Carleton W. SPRAGUE, Jr., FR 585–48–9066 United States Air Force Hospital Holloman Twelfth Air Force (TAC).**

**ACM 21992.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 9 Oct. 1975.

Decided 6 May 1976.

---

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major Byron D. Baur. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION

LeTARTE, Chief Judge:

Despite his pleas, the accused was convicted of selling marihuana, attempting to sell amphetamines and three specifications alleging the violation of a lawful general regulation by using, possessing and transferring heroin. These crimes were alleged as violations of Articles 134, 80 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 880, 892, respectively. The approved sentence extends to bad conduct discharge, forfeiture of $200.00 per month for 10 months and reduction in grade to airman basic.

Appellate defense counsel initially contend that by providing "de facto" immunity to two Government witnesses, the convening authority and his staff judge advocate were disqualified from performing their respective "pretrial advice and referral functions" and from reviewing and acting upon the record of trial. We disagree.

Assuming that immunity or clemency in some form had been accorded the principal Government witnesses, as claimed, neither the convening authority nor his staff judge advocate would have been thereby disqualified from performing his statutory pretrial functions; however, they would have been disqualified from reviewing the case. *United States v. White*, 10 U.S.C.M.A. 63, 27 C.M.R. 137 (1958); *United States v. Moffett*, 10 U.S.C.M.A. 169, 27

C.M.R. 243 (1959). Here, however, there is no indication that immunity or clemency was granted either witness or even that any action "tantamount" thereto was taken. Cf. *United States v. McMillan*, 46 C.M.R. 997 (A.F.C.M.R.1973), pet. denied, 46 C.M.R. 1323 (1973); *United States v. Williams*, 21 U.S.C.M.A. 292, 45 C.M.R. 66 (1972).[1] Furthermore, unlike the circumstances in *Williams*, supra, and in *United States v. Moore*,[2] which cases are cited by appellate defense counsel in support of their argument, it appears in this case that neither witness could have been prosecuted for his part in the offenses of which he testified. See *United States v. McMillan, supra.*

One witness, Airman Brown, provided the evidence necessary to convict the accused of attempting to sell amphetamines; but Brown was acting as an informant for the Office of Special Investigations (OSI) at the time, and his part in the incident was approved and monitored by agents assigned to that office. Accordingly, Brown was not an accomplice, in the criminal sense. See *United States v. Moore, supra.* Similarly, the second witness, Airman Romang, was acting for the OSI when she participated in the incident which led to the accused's conviction of the heroin disposition offenses.

On the other hand, Romang was an accomplice in the marihuana sale offense because she purchased the substance from the accused for her personal use. *United States v. Allums*, 5 U.S.C.M.A. 435, 18 C.M.R. 59 (1955). However, since she no longer possessed any of the marihuana when she reported the crime to the OSI, the only available evidence of her participation in this offense was her confession. Accordingly, in view of the lack of corroborating evidence, it is reasonable to assume that the failure to prosecute Romang for possessing marihuana was based on an insufficiency of evidence rather than a grant of clemency or immunity. Consequently, we do not perceive the same significance in "the mere fact of nonpunishment" in this case as existed in *Williams* and *Moore.* See, *United States v. McMillan, supra.* We find, therefore, that the convening authority and his staff judge advocate were not disqualified from reviewing the instant record of trial.

Appellate defense counsel also assert that the court-martial lacked jurisdiction over the heroin offenses because all occurred in a civilian community. Again, we disagree. Under current military law, drug disposition offenses, whether committed on or off-base, are considered to be of "singular military significance." *United States v. Beeker*, 18 U.S.C.M.A. 563, 40 C.M.R. 275 (1969); *United States v. Villamil-Durand*, 46 C.M.R. 1070 (A.F.C.M.R.1973). This factor "carries the act[s] outside the limitation on military jurisdiction set out in [*O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969)]" and in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). Further, the exercise of military jurisdiction is especially appropriate when, as in the case before us, the offenses are committed in the presence of and involve an individual whom the accused knows to be a military member. *United States v. Sexton*, 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974).

The remaining errors assigned by appellate defense counsel are without merit.

The findings of guilty and the sentence are

AFFIRMED.

---

1. In *Williams*, an accomplice testified against the accused and revealed that he had been informed by an OSI Agent that the convening authority had offered him immunity as consideration for his cooperation. The convening authority denied granting the witness immunity. Faced with this conflict, the Court of Military Appeals found that the convening authority's apparent failure to prosecute the witness for his part in the crime was "tantamount to a grant of immunity."

2. 50 C.M.R. 432 (A.F.C.M.R.1975). In this case, an accomplice testified that he believed the convening authority had approved an administrative discharge and that he would not be prosecuted for his part in the offense because of his agreement to testify. We held, citing *Williams, supra,* that the convening authority's apparent failure to prosecute the witness constituted a grant of immunity.

EARLY, Judge, concurs.

FORAY, Judge, absent.