## UNITED STATES

v.

**Airman First Class Sandy E. BENDER, FR 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 Wilford Hall United States Air Force Medical Center Air Force Military Training Center (ATC).**

**ACM 22009.**

U. S. Air Force Court of Military Review.

Sentenced Adjudged 19 Nov. 1975.

Decided 21 July 1976.

---

4. *United States v. Hughes*, 1 M.J. 346 (1976).

Appellate counsel for the Accused: Colonel Jerry E. Conner and Captain David A. Bateman. Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

Before LeTARTE, C. J., EARLY, Senior Judge and FORAY, J.

## DECISION

LeTARTE, Chief Judge:

Contrary to his pleas, the accused was convicted of conspiracy to sell marijuana, two specifications of wrongfully selling marijuana and one specification of wrongfully possessing Lysergic Acid Diethylamide. The conspiracy was alleged as a violation of Article 81, 10 U.S.C. § 881, Uniform Code of Military Justice, and the remaining specifications as violations of Article 92.

Appellate defense counsel have assigned nine errors for our consideration.[1] In our opinion, however, only those issues relating to the alleged impeachment of his sentence by the military judge, counsel's claim that the conspiracy offense is not "service-connected," and the allegation that the maximum punishment for this offense was incorrectly computed, merit discussion.

The military judge imposed sentence in the following manner:

Airman Bender, it is my duty to inform you that this court sentences you to be discharged from the service with a dishonorable discharge, to be confined at hard labor for ten years, to forfeit all pay and allowances, to be reduced to the grade of E–1. I further find that the sentence adjudged is appropriate for your crimes; however, as a matter of recommendation only and not as a part of the sentence, I recommend and urge that the convening authority approve no more than a BCD, that is, a bad conduct discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to E–1 provided that you henceforth fully and freely cooperate with the military and civilian authorities in the identification of and any prosecution of the persons from whom you acquired and to whom you sold marijuana or LSD.

Appellate defense counsel contend that the military judge's conditional recommendation impeached the adjudged sentence. They argue that despite his statement that "the sentence adjudged is appropriate for your crimes," the extreme disparity between the sentences imposed and recommended demonstrates that the military judge actually believed the recommended sentence to be the proper quantum of punishment and that he improperly relied upon the convening authority to reduce the sentence. We disagree.

A court-martial has the responsibility of determining an appropriate punishment and must adjudge "a fair and just sentence without regard to any further reductive action that might be taken by others who will subsequently act on the record." *United States v. Cavallaro*, 3 U.S.C.M.A. 653, 14 C.M.R. 71 (1954). Consequently, if the sentence announcement is accompanied by an unqualified and contemporaneous recommendation for clemency that the court could have accomplished simply by not adjudging the punishment in the first instance, the sentence is rendered inconsistent or at least ambiguous. *United States v. Kaylor*, 10 U.S.C.M.A. 139, 27 C.M.R. 213 (1959); *United States v. Grcich*, 10 U.S.C.M.A. 495, 28 C.M.R. 61 (1959).

---

1. These include three of the four issues listed by the accused on his request for appellate representation. We have evaluated the fourth error claimed by the accused and find that it lacks merit.

■ On the other hand, when the record demonstrates that "the court-martial understood the relationship of the recommendation to the sentence adjudged, there is no reason to question either the sentence or the recommendation." *United States v. Turner,* 14 U.S.C.M.A. 435, 34 C.M.R. 215 (1964); *United States v. McBride,* 50 C.M.R. 126 (A.F.C.M.R.1975), pet. denied, 50 C.M.R. 904 (1975).

In *United States v. Turner,* supra, Chief Judge Quinn, to illustrate that "the concurrence of sentence and recommendation need not necessarily be the product of confusion or misunderstanding," provided the following example:

> In a bad check case, for example, the court-martial might properly recommend remission of the punitive discharge imposed by it if, before the convening authority completes his final action, the accused makes restitution, and otherwise shows by his attitude and conduct in the intervening period that he merits such consideration.

34 C.M.R. 215 at 219.

We believe this example is directly applicable to the issue before us. Here, the military judge conditioned his recommendation for a drastic reduction in the sentence upon a future event or course of conduct on the accused's part. Under these circumstances, the sentence adjudged was neither inconsistent nor ambiguous.

With respect to appellate defense counsel's contention that the conspiracy offense is not "service-connected" within the meaning of *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969) and *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), the specification in issue alleges that on 15 June 1975, at San Antonio, Texas, the accused conspired with Theodore Aldrich

> to commit an offense under Article 134 of the Uniform Code of Military Justice, to wit: the wrongful sale of marijuana, and

in order to effect the object of the conspiracy . . . did wrongfully sell three pounds, more or less, of marijuana.

■ In our opinion, however, counsel's contention overlooks the principle that the proper exercise of military jurisdiction over an offense is not determined solely on the basis of whether the crime was committed on a military reservation. *United States v. Rock,* 49 C.M.R. 235 (A.F.C.M.R.1974), pet. denied (23 Dec. 1974). In addition to other factual situations that might supply the requisite service-connection, any offense that is directed toward a member of the armed forces or that affects a serviceman's health, morale or fitness for duty may properly be tried before a military tribunal. *United States v. Sexton,* 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974); *United States v. Huff,* 19 U.S.C.M.A. 56, 41 C.M.R. 56 (1969); *United States v. Everson,* 19 U.S.C.M.A. 70, 41 C.M.R. 70 (1969); *United States v. Beeker,* 18 U.S.C.M.A. 563, 40 C.M.R. 275 (1969). Thus, for example, in *United States v. Harris,* 18 U.S.C.M.A. 596, 40 C.M.R. 308 (1969), the exercise of military jurisdiction over a criminal conspiracy to deliver national defense information to a foreign government representative was upheld even though the unlawful agreement and the overt act both occurred in a civilian community.[2] Among those circumstances found by the Court to be significant in deciding the service-connection issue was the fact that the conspiracy involved another serviceman with whom the accused was acquainted.

■ We believe there are three factors present in this case that substantially connect the conspiracy offense to the military service. First, the agreement concerned the unlawful disposition of drugs, and drug offenses committed by military members are considered of "singular military significance" whether committed on or off base. *United States v. Beeker,* supra; *United States v. Villamil-Durand,* 46 C.M.R. 1070

---

2. The requirements of proof of conspiracy under Article 81 are two-fold: (1) there must be an agreement between two or more persons to commit an offense under the Code, and (2) one or more of the conspirators must perform an overt act "to effect the object of that agreement." Manual for Court-Martial, 1969 (Rev.), paragraph 160.

(A.F.C.M.R.1973); *United States v. Sprague,* 1 M.J. 858 (A.F.C.M.R. 1976). Secondly, the conspiracy was between two members of the military service. *United States v. Harris,* supra; *United States v. Sexton,* supra. Lastly, the overt act committed in furtherance of the conspiracy involved the wrongful sale of the drug to a known member of the military service. *United States v. Sexton,* supra; *United States v. Sprague,* supra. These circumstances clearly justify the exercise of military jurisdiction over the offense.

█ In their final assignment of error, appellate defense counsel assert that the military judge erred in determining that the maximum confinement at hard labor for the conspiracy to sell marijuana offense was five years. We agree and conclude that the recent case of *United States v. Courtney,* 1 M.J. 438, 1976, is dispositive of the issue raised.

The Manual provides that any person convicted of conspiracy "shall be subject to the maximum punishment authorized for the offense which is the object of the conspiracy". Manual for Courts-Martial, supra, paragraph 127c, footnote 4. In this case, since the conspiracy was alleged as an agreement to commit an offense under Article 134, the military judge concluded that the maximum confinement imposable for such offense was five years, the penalty provided under Article 134 for wrongful sale of marijuana. This computation was legally correct under the then current law. *United States v. Walter,* 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971).

Notwithstanding its prior pronouncements, in *United States v. Courtney,* supra, the Court held that the military judge erred in denying a defense motion that he consider the maximum confinement penalty for a single charge of wrongfully possessing marijuana, contrary to Article 134, as limited to that imposable for such offense under Article 92. The Court reasoned that when two statutes sanctioning disparate punishments for "virtually identical conduct" exist and there is a lack of statutory guidance as to what standard to apply in determining the appropriate statute to use, a Fifth Amendment violation results if the statute providing the greater punishment is utilized.

In imposing sentence, the military judge in the case before us considered the maximum period of confinement to be 11 years, rather than the eight years indicated by the *Courtney* decision. He then adjudged a sentence to confinement that was excessive. Similarly, in approving a reduced period of confinement of five years, based on the accused's post-trial cooperation with law enforcement officials, the convening authority acted on the premise that the maximum penalty had included 11 years confinement. Under these circumstances, prejudice may be assumed. *United States v. Courtney,* supra.

In our opinion, justice can best be served by reassessing the sentence instead of ordering a sentence rehearing. Accordingly, we find appropriate only so much thereof as provides for dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for two years and reduction in grade to airman basic.

The findings of guilty, and the sentence as modified herein, are

Affirmed.

EARLY, Senior Judge, and FORAY, Judge, concur.