UNITED STATES

v.

Sergeant William D. HUSSEY, FR 531–60–9501 Headquarters, 22d Bombardment Wing Fifteenth Air Force (SAC).

ACM 21892 (f rev).

U. S. Air Force Court of Military Review.

Sentence Adjudged 19 April 1975.

Decided 9 Aug. 1976.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston.

Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before ROBERTS, HERMAN and ORSER, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

### PER CURIAM:

Tried by a military judge sitting alone as a general court-martial, the accused stands convicted, contrary to his pleas of not guilty, of conspiracy to smuggle heroin from Thailand into the United States by military aircraft and attempted possession of heroin in violation of Articles 81 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881. The approved sentence is a bad conduct discharge, confinement at hard labor for 15 months, forfeiture of $228.00 per month for 15 months, and reduction to airman basic. In our earlier decision we determined that the military judge erred by not making special findings which had been requested by the trial defense counsel, and directed the record be returned to him for the preparation of such findings, and a new review and action by the convening authority. *United States v. Hussey*, 1 M.J. 804 (A.F.C.M.R. 25 February 1976).

The case is again before us for further review, the special findings having been accomplished by the military judge. Appellate defense counsel now assign for our consideration two additional claims of error. We find each of them to be without merit.

■ In the first assignment of error it is asserted that the court-martial lacked jurisdiction over the offense of attempted possession of heroin (which was to be delivered to him pursuant to the conspiracy alleged in the principal charge), as the transfer of the substance occurred off of a military installation. We are aware, of course, that the issue whether a court-martial may exercise jurisdiction over off-base possession of dangerous drugs is presently pending before the Court of Military Appeals. *United States v. McCarthy*, Docket No. 30,560, 2 M.J. 26. However, it is not for us to anticipate what a future decision of the Court of Military Appeals might hold. We are impelled by Article 66 of the Uniform Code of Military Justice to decide cases now before us. There is no question but that under existing precedents of the Court of Military Appeals, courts-martial have jurisdiction over the unlawful possession of dangerous drugs wherever such offenses might occur, because of the obvious military interest in the health, well being and efficiency of military personnel. *United States v. Beeker*, 18 U.S.C.M.A. 563, 40 C.M.R. 275 (1969); *Rainville v. Lee*, 22 U.S.C.M.A. 464, 47 C.M.R. 554 (1973).

Even if *United States v. McCarthy*, supra, were to be decided adversely to the United States, we would nonetheless hold that military jurisdiction exists in the case

258

before us. The attempted heroin possession charged was but an integral part of the overall scheme to smuggle heroin into the United States aboard military aircraft, and all of the participants therein were military personnel. As the offense in question was but one part of a criminal course of conduct, a court-martial is the appropriate forum in which to try the offense. *United States v. Sexton*, 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974); *United States v. Harris*, 18 U.S.C.M.A. 596, 40 C.M.R. 308 (1969); *Gosa v. Mayden*, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973); see also *United States v. Rock*, 49 C.M.R. 235 (A.F.C.M.R. 1974), pet. denied (23 December 1974), and cases cited therein.

■ In the second claim of error, it is asserted that the accused was prejudiced by the court's consideration of an excessive maximum punishment. In support of this assertion, appellate defense counsel cite the recent case of *United States v. Courtney*, 1 M.J. 438, decided 2 July 1976, in which the Court of Military Appeals ruled that the maximum period of confinement for drug offenses was two years, as prescribed by Article 92, even though the offenses were charged under Article 134 which would permit a greater maximum punishment. We note first that *Courtney*, is not entirely dispositive of the case before us. That case involved a single charge of simple possession of marihuana which had been referred to a general court-martial for trial alleging a violation of Article 134, although the unit commander had initially recommended trial and a charge of a violation of a regulation under Article 92. The court-martial imposed a sentence greatly in excess of that imposable under Article 92. Further it was shown in *Courtney*, that the vast majority of cases within the command involved had previously been tried under Article 92, with its lesser imposable punishment. None of these circumstances appear in the record before us. On the contrary, all of the participants in the trial agreed that the maximum imposable punishment included a dishonorable discharge and confinement at hard labor for 25 years. Of most significance, however, the principal offense charged did not contemplate mere conduct prejudicial to good order and discipline," referred to in the first clause of Article 134, but rather was tried under the third clause thereof, which proscribes, "crimes and offenses not capital" under other federal statutes. Specifically, the pretrial advice of the staff judge advocate made clear and the trial personnel were aware that the theory of the case was a violation of section 952, of Title 21 United States Code, which independently authorizes a maximum punishment of 15 years confinement. Thus, even if the second specification, the attempted possession of heroin, should have been considered as punishable by but two years confinement the maximum authorized confinement was nonetheless 17 years. Even assuming error to this extent, it is obvious that the amount of confinement imposed is so substantially less than that authorized that the accused has not been harmed. The *Courtney* decision, of course, has no relevance to the question whether a punitive discharge was also imposed. In any event, following the trial of this case, the accused served only 12 months of confinement, when the remaining confinement was suspended and he was placed on excess leave. Any harm which may have occurred, has thus been dissipated. See *United States v. Mosely*, 24 U.S.C.M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976).

The findings of guilty and the sentence are correct in law and fact and are

Affirmed.