**UNITED STATES**

v.

**Airman First Class Ivory ARTIS, Jr., FR 415–94–6052 Medical Squadron Section, United States Air Force Hospital Chanute Technical Training Center (ATC).**

**ACM 22028 (f rev).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 Jan. 1976.

Decided 22 Oct. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner, Colonel Robert W. Norris and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major John A. Cutts III.

Before LeTARTE, EARLY, and FORAY, Appellate Military Judges.

DECISION UPON FURTHER REVIEW

LeTARTE, Chief Judge:

In our original, unpublished decision in this case, dated 3 June 1976, we affirmed the findings of guilty and the sentence. Thereafter, the United States Court of Military Appeals vacated our decision and remanded the record of trial to us with directions to hold further proceedings in abeyance pending that Court's resolution of the issue granted in *United States v. McCarthy*, 2 M.J. 26 (24 September 1976).

In its decision in *United States v. McCarthy,* supra, the Court found that the accused's offense of "wrongfully transferring 3 pounds of marihuana to a fellow soldier 'just outside' gate 3 of Fort Campbell, Kentucky," was "service connected as that term was explained in *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969)." In arriving at this finding, the Court examined the 12 criteria for measuring service-connection, as outlined in *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), and concluded that four *Relford* factors weighed in favor of the military exercising its jurisdiction in the case. At the same time, the Court iterated that in resolving service-connection issues, the *Relford* criteria must be thoroughly analyzed and carefully balanced to determine "whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and whether the distinct military interest can be vindicated adequately in civilian courts." *United States v. McCarthy,* supra, quoting *Schlesinger v. Councilman,* 420 U.S. 738, 760, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

The accused, in the case before us, pleaded guilty to three specifications alleging sales of marihuana, and in each instance the sale occurred off-base and was made to servicemen who were acting under the supervision of agents assigned to the Office of Special Investigations.

█ Having examined the *Relford* criteria in the light of these facts, we conclude there are two factors that demonstrate a pervasive military interest in the instant offenses: the flouting of military authority and the threat posed to the military community. *United States v. McCarthy,* supra.

We are fully cognizant that our conclusion appears contrary to the opinion expressed by a majority of the Court of Military Appeals in *McCarthy*[1] and in *United States v. Hedlund,* 2 M.J. 11 (17 September 1976).[2] Nevertheless, past decisions of the Court have upheld the exercise of military jurisdiction under circumstances substantially similar to those in this case. See, for example, *United States v. Rose,* 19 U.S.C.M.A. 3, 41 C.M.R. 3 (1969) (off-base sale of barbiturates); and *United States v. Sexton,* 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974) (off-base sale of marihuana to a serviceman-informer). Furthermore, these and other decisions of the Court of Military Appeals pertaining to service-connection issues have, we believe, received approving recognition by a majority of the Supreme Court justices. In *Schlesinger v. Councilman,* supra, at footnote 34, Mr. Justice Powell, who delivered the Court's opinion, indicated:

> It is not surprising, in view of the nature and magnitude of [the military drug abuse] problem, that in *United States v. Beeker,* 18 U.S.C.M.A. 563, 565, 40 C.M.R. 275, 277 (1969), the Court of Military Appeals found that "use of marihuana and narcotics by military persons on or off a military base has special military significance" in light of the "disastrous effects" of these substances " 'on the health, morale and fitness for duty of persons in the armed forces.' "

█ In our opinion, drug abuse offenses, whether committed on or off-base, are of such singular military significance as to inherently satisfy the *Relford* criteria for determining service-connected crimes. *United States v. Sexton,* supra; *United States v. Rose,* supra; *United States v. Beeker,* supra. In any event, a finding of service connection is fully justified when, as here, the offenses involve the wrongful sale of drugs to other servicemen. When such circumstances exist, "the military community certainly [has] the overriding, if not exclusive, interest in prosecuting [the] offense." *United States v. McCarthy,* supra.

---

1. "Merely because the recipient of the contraband was a soldier is insufficient, in and of itself, to establish service connection."

2. "Thus, we conclude that there is no support in the *Relford* opinion for concluding . . . . that the Court implicitly sanctioned jurisdiction predicated solely upon the military status of both the wrongdoer and the victim."

The findings of guilty and the sentence are

AFFIRMED.

EARLY, Senior Judge, and FORAY, Judge, concur.