UNITED STATES

v.

Airman First Class Christopher D. MER-
CHANT, FR 217–66–8720 Headquarters,
1st Composite Support Group Headquar-
ters Command USAF.

ACM 21982 (f rev).

U. S. Air Force Court of Military Review.

Sentence Adjudged 30 Oct. 1975.

Decided 13 Dec. 1976.

Appellate Counsel for the Accused: Colo-
nel Robert W. Norris and Major Bruce R.
Houston.

Appellate Counsel for the United States:
Colonel Julius C. Ullerich, Jr.

Before LeTARTE, EARLY and FORAY,
Appellate Military Judges.

DECISION UPON FURTHER REVIEW

EARLY, Senior Judge:

Tried by general court-martial, military
judge alone, the accused was convicted, pur-
suant to his pleas of three specifications of
possessing lysergic acid diethylamide (LSD),
three specifications of selling LSD, and lar-
ceny of stereo equipment, in violation of
Articles 92 and 121, Uniform Code of Mili-

tary Justice, 10 U.S.C. §§ 892, 921. The approved sentence extends to a bad conduct discharge, confinement at hard labor for nine months, forfeiture of all pay and allowances and reduction to airman basic.[1]

This case was originally submitted to us on the merits, and, by unpublished decision dated 12 February 1976, we affirmed. However, on 21 May 1976, the Court of Military Appeals vacated our decision and remanded the record with directions to hold further proceedings in abeyance pending that Court's disposition of the issue granted in *United States v. McCarthy*, 25 U.S.C. M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976).

■ In *McCarthy*, the Court found that the transfer of three pounds of marijuana between two servicemen just outside the gate of a military installation to be service-connected within the criteria set forth in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). However, in so doing, the Court rejected the concept of "status jurisdiction" of the participants in favor of an application of the *Relford* criteria to the offense to determine "whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and whether the distinct military interest can be vindicated adequately in civilian courts." *United States v. McCarthy*, supra, quoting *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975). Thus, as we read *McCarthy* in the context of other precedents, "the court-martial must . . . inquire into the facts surrounding the offense itself to determine whether the exercise of military jurisdiction is "appropriate" in any given instance." *United States v. Tinley*, 54 C.M.R. 255, 2 M.J. 694 (A.F.C.M.R.1976), citing *Gosa v. Mayden*, 413 U.S. 665, 677, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973).

Here, on 1 June 1975, the accused and another airman went to the off-base apartment of a Mr. Roscoe, who, unbeknown to the accused, was an undercover agent for the Air Force Office of Special Investigations, and sold him 20 tablets of "orange mescaline" for $35.00. The following day, at the same apartment, the accused sold Roscoe 30 tablets purporting to be mescaline, for $60.00. On 30 June 1975, the accused sold 15 more tablets of "mescaline" for $20.00 to Mr. Roscoe at the accused's barracks room. Subsequent laboratory tests disclosed that the "mescaline" was actually lysergic acid diethylamide (LSD). On the basis of these facts, the accused was charged with possession and sale of LSD on the three dates in question.

Appellate defense counsel assert that the court-martial lacked jurisdiction to try the accused for the off-base sale and possession offenses.

■ This court has recognized the fact that the military has a special interest in the elimination of drug abuse by servicemen "in light of the 'disastrous effects' . . . these substances [have] 'on the health, morale and fitness for duty of persons in the armed forced.'" *Schlesinger v. Councilman*, supra, 420 U.S. at 760, n. 34, 95 S.Ct. at 1314, quoting in part *United States v. Beeker*, 18 U.S.C.M.A. 563, 40 C.M.R. 275, 277 (1969); see also *Peterson v. Goodwin*, 512 F.2d 479 (5th Cir. 1975), cert. denied, 423 U.S. 931, 96 S.Ct. 282, 46 L.Ed.2d 260 (1976); *Committee for GI Rights v. Callaway*, 171 U.S.App.D.C. 73, 518 F.2d 466 (1975). And we have held this special interest to be the "service-connection" spoken of in *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), and *Relford*, supra. See *United States v. Campbell*, No. 22092, 2 M.J. 689 (A.F.C.M.R. 19 October 1976); *United States v. Tinley*, 54 C.M.R. 255, 2 M.J. 694 (A.F.C.M.R.1976); *United States v. Alef*, No. 21879, 2 M.J. 317 (f. rev.) (A.F.C.M.R. 24 November 1976); *United States v. Henderson*, No. 21963 (f. rev.), 2 M.J. 321 (A.F.C.M.R. 30 November 1976); *United States v. Clay*, No. S24208 2 M.J. 721 (f. rev.), (A.F.C.M.R. 29

---

1. On 2 April 1976, the Commander, Lowry Technical Training Center, Lowry Air Force Base, Colorado, remitted the confinement at hard labor in excess of eight months. The accused is presently on excess leave.

November 1976); *United States v. Artis,* No. 22028 (f. rev.), 2 M.J. 692 (f. rev.), (A.F.C.M.R. 22 October 1976); *United States v. Gaylord,* No. 22098, (A.F.C.M.R. 15 October 1976); *United States v. Coker,* No. 22019, 2 M.J. 304 (A.F.C.M.R. 29 October 1976).

Thus, we have no hesitation in holding that the possession of LSD, as alleged, both on and off-base, to be an offense over which the exercise of military jurisdiction is "appropriate." See *Gosa v. Mayden,* supra; *United States v. Tinley,* supra; see also *United States v. Morley,* 20 U.S.C.M.A. 179, 43 C.M.R. 19 (1970).

■ Turning to the two specifications alleging sale to Mr. Roscoe, we believe that the unauthorized sale or transfer of harmful drugs to another serviceman is service-connected whether the seller/transferor knows of the status of the recipient or not. As was held in *United States v. Sexton,* 23 U.S.C.M.A. 101, 48 C.M.R. 662, 663 (1974):

[W]e do not regard public demonstration of the performance of military duty as essential to military jurisdiction. . . . We have consistently held that as to an offense affecting or involving another member of the military service jurisdiction exists, whether or not the overt circumstances apprized the accused of the fact that he was dealing with a military person.[2]

An analogous situation was faced by the United States Supreme Court in *United States v. Feola,* 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975). There the question

presented was whether in a trial for assaulting a federal officer it was necessary to prove the defendant's knowledge of the officer's status. In holding that such knowledge was not necessary to constitute a violation of the statute, the Court held:

We are not to be understood as implying that the defendant's state of knowledge is never a relevant consideration under [the statute]. The statute does require a criminal intent, and there may well be circumstances in which ignorance of the official status of the person assaulted or resisted negates the very existence of *mens rea.* For example, his conduct in certain circumstances might reasonably be interpreted as the unlawful use of force directed either at the defendant or his property. In a situation of that kind, one might be justified in exerting an element of resistance, and an honest mistake of fact would not be consistent with criminal intent.

We hold, therefore, that in order to incur criminal liability under [the statute] an actor must entertain merely the criminal intent to do the acts therein specified.

In essence, then, the person committing a criminal act takes his victim as he finds him. We believe this rationale would apply here. See *United States v. Johnson,* No. 21970 (f. rev.) (A.F.C.M.R. 1 December 1976).

■ However, there is another reason why the exercise of military jurisdiction is appropriate here.[3] The accused is charged

---

2. We recognize that our sister service courts have differed on this very question. In *United States v. Blancuzzi,* 46 C.M.R. 922 (1972), the Navy Court of Military Review held that sale of drugs to an undercover agent was not service-connected, while in *United States v. Johnston,* 41 C.M.R. 461 (A.C.M.R.1969), pet. denied, 41 C.M.R. 403 (1969) and *United States v. Johnson,* 47 C.M.R. 885 (C.G.C.M.R.1973), the Army and Coast Guard Courts held to the contrary. For the reasons stated, infra, we prefer to follow the latter.

3. Appellate defense counsel do not question the exercise of jurisdiction over the on-base transfer of LSD to Mr. Roscoe. We believe that this offense is indicative of the need of the exercise of military jurisdiction over the first two. The

military need to prevent the illegal, unauthorized transfer of drugs is essentially to prevent the transfer to other military personnel. That a military dealer in drugs constitutes a potential threat to the military community is amply demonstrated here. The accused used his on-base barracks room to effect the transfer. That there is jurisdiction over this offense is unquestionable. See *Relford,* supra; *McCarthy,* supra. We believe that the off-base sales were but part of a continuum of action with the ultimate on-base sale. Had the on-base sale occurred first, there is no doubt that all would have been considered service-connected. See *United States v. Murphy,* 2 M.J. 704 (f. rev.) (A.F.C.M.R. 1976). The fact that the order was reversed should not operate to prevent

with *possession* as well as sale on the two occasions involved, which are service-connected offenses. *United States v. Tinley*, supra; *Peterson v. Goodwin*, supra. We have previously held that if a serviceman is properly before a court-martial on charges that are clearly service-connected, he might also be tried at the same time for closely related offenses wherein service-connection is not so apparent. *United States v. Rock*, 49 C.M.R. 235 (A.F.C.M.R.1974), pet. denied (23 December 1974); see also *United States v. Beeker*, 18 U.S.C.M.A. 563, 40 C.M.R. 275 (1969); *United States v. Castro*, 18 U.S.C.M.A. 598, 40 C.M.R. 310 (1969); *Rainville v. Lee*, 22 U.S.C.M.A. 464, 47 C.M.R. 554 (1973). We have also held that where the off-base sales were service-connected, the closely related (multiplicious for sentencing) off-base possession of LSD was service-connected. *United States v. Murphy*, No. 21960 (f. rev.), 2 M.J. 704 (A.F.C.M.R. 10 November 1976).

As we said in *Murphy*, supra:

In sum, if the military drug program is to be eliminated, prompt and efficient disposition of those military personnel who traffic in drugs, whether on or off-base, must be pursued. This can only be accomplished with any shred of uniformity, by military investigators and in military courts.

Accepting, as we must, the peculiar military interest in eradicating drug usage by service personnel, we believe, in the absence of any specific judicial prohibition to the contrary, that the military's jurisdiction of

drug offenses and drug offenders who are military personnel, should not be constrained. Finding no such constraint,[4] we hold that the exercise of military jurisdiction over the offenses here was appropriate.

The findings of guilty and the sentence are

AFFIRMED.

FORAY, Judge, concurs.

LeTARTE, Chief, Judge, concurring in the result:

I agree that the Air Force properly exercised its jurisdiction over all of the offenses in issue. However, as to the off base sales of LSD to Special Agent Roscoe, who the accused believed to be a civilian, my agreement is premised solely upon the factor that the offenses were multiplicious, for sentencing purposes, with the corresponding off base possession offenses. *United States v. Murphy*, No 21960 (f. rev.) 2 M.J. 704 (A.F.C.M.R. 10 November 1976). Except for this circumstance, for the reasons stated in *United States v. Cartagena*, No. 21890 (f. rev.), 2 M.J. 303 (A.F.C.M.R. 26 October 1976), I would not affirm the accused's conviction of the off base sales.[1]

To summarize my position, in those cases wherein a serviceman sells contraband substances off base to a civilian, or to one posing as a civilian, service connection does not exist in the absence of some additional element demonstrative of the military's "overriding" interest in prosecuting the of-

the military from exercising its jurisdiction over all of the offenses.

4. In fact the federal courts generally have recognized the service-connection of drug offenses whether on or off-base. See cases cited, supra. Although the Supreme Court has not decided the extent of military jurisdiction over off-base drug offenses, the language in *Schlesinger v. Councilman*, supra, 420 U.S. at 760, n. 34, 95 S.Ct. 1300, indicates recognition of the correctness of Court of Military Appeals decisions on this question. We believe that the Supreme Court would be inclined to approve the exercise of military jurisdiction over most drug offenses whether committed on or off-base. We believe the denial of certiorari in *Peterson v. Goodwin*, supra, supports this belief. See *Unit-*

*ed States v. Alef*, No. 21879 (f. rev.), 2 M.J. 317 (A.F.C.M.R. 24 November 1976). Failure to recognize the peculiarity of drug offenses per se as well as the peculiarity of their effect on the military mission is myopic. We need not decide whether our broad approach to drug offenses would be applicable to other, more traditional, crimes. See generally, *United States v. Alef*, supra.

1. In *Cartagena*, supra, we held, citing *United States v. McCarthy* and *United States v. Morley*, both supra, that the off base sales of marihuana to an OSI special agent posing as a civilian were not service connected where the sales involved small amounts of marihuana and the accused was off duty and out of uniform at the time.

fense. *United States v. McCarthy*, 25 U.S. C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976); *United States v. Cartagena,* supra; see *United States v. Morley,* 20 U.S.C.M.A. 179, 43 C.M.R. 19 (1970). Nevertheless, such offenses may be tried in a military court when they are multiplicious with, or closely related to, offenses over which service connection is evident. *United States v. Murphy,* supra; *United States v. Rock*, 49 C.M.R. 235 (A.F.C.M.R.1974), pet. denied (23 December 1974), citing *Gosa v. Mayden*, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973).