## UNITED STATES

### v.

**Airman First Class Sandy E. BENDER, FR 455–02–6657 Wilford Hall United States Air Force Medical Center Air Force Military Training Center (ATC).**

**ACM 22009 (f rev.).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 19 Nov. 1975.

Decided 10 Jan. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain David A. Bateman.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

LeTARTE, Chief Judge:

In our original decision, *United States v. Bender*, No. 22009, 1 M.J. 900 (A.F.C. M.R. 21 July 1976), we affirmed the findings of guilty and so much of the sentence as provided for dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for two years and reduction in grade to airman basic. Thereafter, the United States Court of Military Appeals vacated our decision and remanded the record of trial to us for further consideration in light of its decisions in *United States v. McCarthy*, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976), and *United States v. Hedlund*, 25 U.S.C.M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976).

In *McCarthy, supra*, the Court found that the accused's offense of "wrongfully transferring 3 pounds of marihuana to a fellow soldier 'just outside' gate 3 of Fort Campbell, Kentucky," was "service connected as that term was explained in *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969)." In arriving at this finding, the Court examined the 12 criteria for measuring service connection, as outlined in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), and concluded that four *Relford* factors weighed in favor of the military exercising its jurisdiction in the case. Moreover, the Court iterated that in resolving service connection issues, the *Relford* criteria must be thoroughly analyzed and carefully balanced "to determine 'whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and whether the distinct military interest can be vindicated adequately in civilian courts.' *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975)." [1]

■ Here, the accused was convicted of conspiracy to sell marihuana, two specifications of wrongful sale of marihuana and one specification of wrongful possession of

---

1. This test for measuring service connection was utilized by the Court in *United States v. Hedlund, supra*.

lysergic acid diethylamide (LSD), in violation of Articles 81 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892. Inasmuch as the LSD possession offense occurred at a place under military control, Lackland Air Force Base, Texas, service connection is evident. *Relford v. Commandant, supra.*

■ As for the conspiracy to sell marihuana, the crime is distinguishable on its facts from the conspiracy in *Hedlund* and the wrongful sale in *McCarthy* in three aspects: in the former case, the conspiracy and a step in furtherance thereof occurred on post, and in the latter, the drug transaction was arranged on post. None of these factors is present with respect to the instant offense. Nevertheless, we believe that the circumstances are substantially similar in other respects to justify the exercise of military jurisdiction. As we indicated in our original decision:

In addition to other factual situations that might supply the requisite service-connection, any offense that is directed toward a member of the armed forces or that affects a serviceman's health, morale or fitness for duty may properly be tried before a military tribunal. *United States v. Sexton*, 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974); *United States v. Huff*, 19 U.S.C.M.A. 56, 41 C.M.R. 56 (1969); *United States v. Everson*, 19 U.S.C.M.A. 70, 41 C.M.R. 70 (1969); *United States v. Beeker*, 18 U.S.C.M.A. 563, 40 C.M.R. 275 (1969). Thus, for example, in *United States v. Harris*, 18 U.S.C.M.A. 596, 40 C.M.R. 308 (1969), the exercise of military jurisdiction over a criminal conspiracy to deliver national defense information to a foreign government representative was upheld even though the unlawful agreement and the overt act both occurred in a civilian community. Among those circumstances found by the Court to be significant in deciding the service-connection issue was the fact that the conspir-

acy involved another serviceman with whom the accused was acquainted. [Footnote omitted.]

We believe there are three factors present in this case that substantially connect the conspiracy offense to the military service. First, the agreement concerned the unlawful disposition of drugs, and drug offenses committed by military members are considered of "singular military significance" whether committed on or off base. *United States v. Beeker, supra*; *United States v. Villamil-Durand*, 46 C.M.R. 1070 (A.F.C.M.R.1973); *United States v. Sprague*, No. 21992, 1 M.J. 858 (A.F.C.M.R. 6 May 1976). Secondly, the conspiracy was between two members of the military service. *United States v. Harris, supra*; *United States v. Sexton, supra*. Lastly, the overt act committed in furtherance of the conspiracy involved the wrongful sale of the drug to a known member of the military service. *United States v. Sexton, supra*; *United States v. Sprague, supra*.

We did not discuss the service connection aspect of the two sales of marihuana in our first decision. However, we find that they too satisfy the *Relford* test for determining service connection. One of the offenses was in fact the overt act alleged in the conspiracy offense, and the other, like the conspiracy, involved the sale of drug to a known serviceman. This circumstance alone, in our opinion, is sufficient to demonstrate the applicability of two *Relford* elements: the flouting of military authority and the threat posed to the military community. *United States v. Artis*, No. 22028, 2 M.J. 692 (f. rev.) (A.F.C.M.R. 22 October 1976).

As we said in *Artis, supra*, we are fully cognizant that our conclusion appears contrary to the opinions expressed by a majority of the Court of Military Appeals in *McCarthy*[2] and *Hedlund*.[3]

---

**2.** "Merely because the recipient of the contraband was a soldier is insufficient, in and of itself, to establish service connection."

**3.** "Thus, we conclude that there is no support in the *Relford* opinion for concluding . . . that the Court implicitly sanctioned jurisdiction predicated solely upon the military status of both the wrongdoer and the victim."

Nevertheless, past decisions of the Court have upheld the exercise of military jurisdiction under circumstances substantially similar to those in this case. See, for example, *United States v. Rose*, 19 U.S.C. M.A. 3, 41 C.M.R. 3 (1969) (off-base sale of barbiturates); and *United States v. Sexton* [*supra*] (off-base sale of marihuana to a serviceman-informer). Furthermore, these and other decisions of the Court of Military Appeals pertaining to service-connection issues have, we believe, received approving recognition by a majority of the Supreme Court justices. In *Schlesinger v. Councilman, supra*, at footnote 34, Mr. Justice Powell, who delivered the Court's opinion, indicated:

> It is not surprising, in view of the nature and magnitude of [the military drug abuse] problem, that in *United States v. Beeker*, 18 U.S.C.M.A. 563, 565, 40 C.M.R. 275, 277 (1969), the Court of Military Appeals found that "use of marihuana and narcotics by military persons on or off a military base has special military significance" in light of the "disastrous effects" of these substances " 'on the health, morale and fitness for duty of persons in the armed forces.' "

Although the Supreme Court in *Schlesinger v. Councilman* spoke in terms of off base "use" of drugs, rather than off base sale thereof, the Court's reasoning is equally applicable to sales. Obviously, a sale of a drug must usually precede its use; and if the sale is made to another serviceman for his use, the "disastrous effects" are the same.[4]

For the reasons stated, we adhere to our original decision in this case. Only so much of the sentence as provides for dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for two years and reduction in grade to airman basic is approved.

The findings of guilty, and the sentence as modified herein, are

AFFIRMED.[5]

EARLY, Senior Judge, and FORAY, Judge, concur.

---

4. We perceive no inconsistency in this opinion and the recent case of *United States v. Williams*, 25 U.S.C.M.A. 176, 54 C.M.R. 284, 2 M.J. 81 (1976), which involved off base *possession* of hashish.

5. We find it appropriate to restate our original disposition of this case since our former decision was vacated by the Court of Military Appeals.