**UNITED STATES, Appellee,**

v.

**Staff Sergeant Samuel C. MARTIN SSN
247–50–6427, United States
Army, Appellant.**

**CM 434188.**

U. S. Army Court of Military Review.

17 May 1977.

Captain Preston Wilson, JAGC, argued the cause for the appellant. With him on the brief were Colonel Alton H. Harvey, JAGC, Major Richard J. Goddard, JAGC, and Captain Lawrence E. Wzorek, JAGC.

Captain William C. Kirk, JAGC, argued the cause for the appellee. With him on the brief were Lieutenant Colonel Donald W. Hansen, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, and Captain Regis J. McCoy, JAGC.

Before CLAUSEN, Senior Judge, and DRIBBEN and DeFORD, JJ.

## OPINION OF THE COURT

DRIBBEN, Judge:

Appellant was convicted by a general court-martial of four specifications involving wrongful possession and sale of heroin, alleged as violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

Appellant challenges his conviction asserting that the offenses lacked "service connection" and thus, under the principle set forth in *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), the court-martial did not have jurisdiction to proceed. We disagree.

The record of trial reveals that on 3 September 1975, Private Thornhill, a soldier in appellant's unit, told his First Sergeant that he was using drugs and the source of his supply was Staff Sergeant Martin. Subsequently, two CID agents and Thornhill planned a controlled buy from Sergeant Martin. The next day Thornhill approached appellant in the latter's off-post apartment and bought one gram of heroin. Later that same day, arrangements were made for Thornhill to purchase a second gram of heroin from appellant at the off-post apartment of a mutual friend. That sale was consummated in the street outside that apartment in El Paso, Texas.

Application of the jurisdictional criteria set forth by the United States Supreme Court in *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971) to this case reveals several factors which, when taken together, support court-

martial jurisdiction. The sales were made to a person whom appellant knew as another soldier.[1] Private Thornhill was a confirmed drug user using drugs obtained from appellant, the debilitating effect on Thornhill being of such proportion that he was in the process of being discharged for drug rehabilitation failure at the time of trial. Appellant and Private Thornhill were assigned to the same unit where appellant occupied a leadership position in relation to the buyer[2] and sought to counsel him about his conduct. Appellant and Thornhill first made contact because of their unit of assignment. As a result, they thereafter each sold the other drugs and had discussed about appellant selling drugs to make money. It can be fairly assumed that following the transactions for which appellant was tried, he knew that the buyer planned to transport the heroin back to the military installation either for his own use or resale.[3] In fact, in at least one instance in the past, Thornhill borrowed appellant's automobile to deliver drugs on post.

All of these facts coupled with the nature and debilitating effect of the drug involved in this case[4] lead us to find that the situation here is materially different than those "in which off-duty servicemen commit a drug offense while blended into the general civilian populace."[5] These facts convince us that there was a definite threat to other persons on post and that, indeed, there was sufficient military connection to give rise to military jurisdiction over the offenses in question. Therefore, we further find that the "military community certainly had the overriding, if not exclusive, interest" in prosecuting the offenses for which appellant was tried.[6]

The findings of guilty and the sentence are affirmed.

Chief Judge CLAUSEN and Judge DeFORD concur.

1. Although the military status of the victim cannot be used as the factor which automatically confers jurisdiction, it is a factor which can be used. *United States v. Hedlund,* 25 U.S.C.M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976).

2. *See United States v. Eggleston,* 54 C.M.R. 634, 2 M.J. 1066 (A.C.M.R.1976).

3. *United States v. McCarthy,* 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976).

4. The conclusion of the Circuit Court of Appeals for the Fifth Circuit in *Peterson v. Goodwin,* 512 F.2d 479 (1975) is equally appropriate here:

"Heroin addiction among the servicemen at an [Army] base poses a unique threat to the operation of the base. Unless the [soldier] can respond quickly to orders and can adequately operate the complicated weapons and material subject to their use, the base will be unable to fulfill its vital functions in the defense of our Nation. . . Heroin addiction presents a serious threat to good order and discipline of our armed forces. A court-martial has power to deal with that threat." (At page 480). *See also United States v. Burston,* 54 C.M.R. 315, 2 M.J. 1015 (A.C.M.R.1976).

