UNITED STATES

v.

Airman First Class Christopher D. MERCHANT, FR 217–66–8720, United States Air Force.

ACM 21982 (f rev).

U. S. Air Force Court of Military Review.

Sentence Adjudged 30 Oct. 1975.

Decided 20 Jan. 1978.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., Major Alvin E. Schlechter and Major Gilbert J. Regan.

Before EARLY, C. J., and FORAY and HERMAN, JJ.

DECISION UPON FURTHER REVIEW

EARLY, Chief Judge:

The accused was tried by general court-martial, military judge alone, on 30 October 1975, for three specifications of possessing lysergic acid diethylamide (LSD), three specifications of selling LSD and larceny of stereo equipment, in violation of Articles 92

and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 921. He was sentenced to a bad conduct discharge, confinement at hard labor for nine months, forfeiture of all pay and allowances and reduction to airman basic. The case was originally submitted to us on the merits, and, by unpublished decision dated 12 February 1976, we affirmed.* On 21 May 1976, the Court of Military Appeals, by order, vacated our decision and remanded the record of trial with directions to hold further proceedings in abeyance pending that Court's disposition of the issue granted in *United States v. McCarthy*, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976). On further review we again affirmed the findings and sentence. *United States v. Merchant*, 54 C.M.R. 737, 2 M.J. 334 (A.F.C.M.R.1976). Subsequently, on 27 October 1977, by order, 4 M.J. 92 (C.M.A. 1977), the Court of Military Appeals reversed our decision and dismissed Specifications 1–4 of the Charge. The case is again before us for reassessment of the sentence.

The affirmed specifications now before us include possession and sale of LSD (properly considered as multiplicious for sentencing by the military judge) and theft of stereo equipment having a value of $325.00. Reassessing the sentence in terms of the affirmed findings of guilty, we find appropriate only so much as provides for a bad conduct discharge, confinement at hard labor for six months, forfeiture of $200.00 per month for four months and reduction to airman basic.

The findings of guilty and the sentence, both as modified, are

AFFIRMED.

FORAY, Judge, concurs.

HERMAN, Judge, absent.

---

* On 2 April 1976, the Commander, Lowry Technical Training Center, Lowry AFB, Colorado, remitted the confinement at hard labor in excess of eight months. The accused was placed on excess leave on 14 May 1976.